## G. H. G. MAY v. PLEASANT TAYLOR, ADM'R.

A purchaser of a tract of land at an administrator's sale executed his note to the administrator for the purchase money, payable six months after date, and mortgaged the land so purchased to secure the payment of the note. The administrator, after the maturity of the note, made a deed therefor to the purchaser, and subsequently sued him on the note and to foreclose the mortgage. The purchaser pleaded that there was an outstanding mortgage on the land, executed by the intestate of the administrator; that this mortgage was to have been paid off and fully discharged by the administrator; that the land was thereby to be released of this lien; that this was the express agreement with the administrator, and the terms upon which the land was purchased; that this mortgage was still unpaid and unsatisfied; and that the estate of the intestate was insolvent: *Held*, that this was an executed contract; that the facts alleged in the plea came clearly within the spirit of the rule laid down in the case of Cooper v. Singleton, (19 Tex. Rep., 260,) and the court erred in sustaining the exception to the plea.

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

This case was formerly before the Supreme Court, and was reversed and remanded. (See May v. Taylor, 22 Tex. Rep., 348.)

On the 4th day of September, 1855, G. H. G. May executed a note, payable six months after date, to Pleasant Taylor, administrator of the estate of George H. Walworth, deceased, for $2303, being the amount of the purchase money of a tract of land purchased by G. H. G. May, at a public sale made by the administrator. On the same day, the purchaser mortgaged the land to the administrator to secure the note. After the maturity of the note, the administrator made a deed for the land to the purchaser. The administrator subsequently sued the purchaser on the note and to foreclose the mortgage.

The defendant pleaded an outstanding mortgage, executed by the intestate of the administrator, in the manner stated in the opinion of the court. The plaintiff moved to strike out the plea. The motion was sustained. Other defenses were pleaded, but as they are not noticed by the court, they need not be stated. Judgment for plaintiff. Defendant appealed.

*Parker & Miller*, for plaintiff in error.—The court erred in sustaining plaintiff's motion to strike out defendant's amended answer, setting up an outstanding incumbrance upon the land. The proper mode of objecting to defects in form of pleadings is by exceptions, not by motion to strike out, (Holliman v. Rogers, 6 Tex., 91,) but the grounds assigned in the motion to strike out are not tenable, (see Hurt v. McReynolds, 20 Texas, 595,) and are fully met by the averments in the answer.

Defendant avers in said answer, that at the time of the sale the plaintiff expressly agreed to pay off and discharge the mortgage. Defendant ought to have been permitted to prove it, if he could. (See Cooper v. Singleton, 19 Texas, 260; Hurt v. McReynolds, 20 Texas, 595.) This was an executory contract, inasmuch as at the time of the sale, the plaintiff took a note and mortgage to secure the payment of the purchase money. The title remained in the vendor, (Ballard v. Anderson, 18 Texas, 377; 11 Id., 597,) and the contract being executory, it was not necessary for defendant to aver want of notice of the incumbrance. (Taul v. Radford, 20 Texas, 261; Id., 595.) The other ground of said motion, that defendant did aver that said mortgage was not paid off, is not warranted by said answer.

The motion to strike out then alleges that the land was purchased at administrator's sale, and that "*caveat emptor*" applied. This, if true, would be a matter for proof, and could not be made a ground for striking out the answer.

Even if it was purchased at administrator's sale, the averment that plaintiff agreed, at the time of sale, to pay off the incumbrance would avoid the rule of "*caveat emptor*." (Abel v. Chandler, 12 Texas, 88.) Defendant had a right to plead this outstanding incumbrance, and, if proved, to have the payment of the purchase money withheld, until it was discharged. (Taylor v. Johnson, 19 Texas, 351; Id. 260; 20 Id., 595.)

*T. M. Harwood*, for defendant in error.—The second error complained of is, that the court erred in sustaining the exception to the "amended answer setting up an *outstanding incumbrance* upon the land."

In the first place, we submit that the averment in the answer setting up the "*outstanding incumbrance*," is wholly insufficient. There is no averment that the *plaintiff contracted, agreed, or promised*, with the defendant, to "pay off and fully satisfy" the said mortgage.  In fact, the averment is hardly intelligible, as it is not alleged with whom the agreement was made, whether with plaintiff or some one else; nor is it alleged what sort of an "agreement" it was; whether an agreement in writing or a verbal agreement.  If a written agreement, it should have been specially alleged; and if a mere verbal agreement, it would be no defence to the payment of the money, under the written promise.  (See Reed v. Allen, 18 Tex., 248.)  Again, the answer does not aver that he had no notice of the "*outstanding incumbrance*" at the time of purchase; on the contrary, his pleadings would rather show that he had *actual* notice of the "outstanding incumbrance" at the time he purchased.  Again, the alleged incumbrance, it appears, was on the records of the County Court of the county of his (defendant's) residence (Gonzales) at the time of his purchase, and he had constructive notice of the same, whether he had actual notice or not.  At any rate, it should affirmatively appear in his pleadings, that he had no notice at the time of his purchase; for, it may be inferred from defendant's pleadings, that he is in actual possession of the land under a deed from plaintiff.  (See Cooper v. Singleton, 19 Texas, 260; 20 Tex., 595 and 605.)

It is believed, that this is an executed contract, and not an executory contract, as contended by plaintiff in error.  The cases cited in his brief (18 Tex., 377, and 11 Id., 597,) do not sustain his position.  So far as the plaintiff, Taylor, was concerned, there was nothing left to be done to vest the title in the defendant.  Under the authority of Cooper v. Singleton, (19 Tex., 260,) the onus is certainly on the defendant, May, to aver and prove want of notice of incumbrance, and that he did not take at his own risk. (See, also, Hurt v. Blackburn, 20 Tex., 605.)

BELL, J.—We are of opinion that the court erred in sustaining the exception of the plaintiff to the amended answer of the defendant, which was filed on the 15th of April, 1855.  The answer

alleged that there was an outstanding mortgage upon the land for the purchase money of which, the note sued on was given. The answer further averred, "that said mortgage deed was to have been paid off and fully discharged by the plaintiff in this case, said Taylor, administrator of said Walworth, deceased; and that the land was thereby to be released of this lien, which was the express agreement with plaintiff in this case, and the terms upon which the land in question was purchased. Defendant avers that said mortgage is still unpaid and unsatisfied, and is now a subsisting lien upon said land. Defendant further avers, that he believes said estate of Walworth is insolvent, and that he would not be able to make the amount of said mortgage and interest from said estate, in case he should be compelled to pay off said mortgage."

We think this plea presented facts which entitled the defendant to be let in to his defence. In the case of Cooper v. Singleton, (19 Tex., 260,) it was said—"The difference between the liabilities of the vendee under an executory and executed contract is this: that in the former he should be relieved by showing defect of title, unless, on proof by the vendor, that this was known at the sale, and it was understood that such title should be taken as the vendor could give. In the latter, the vendee should establish, beyond doubt, that the title was a failure in whole or in part; that there was danger of eviction; and, also, such circumstances as would, *prima facie*, repel the presumption that, at the time of the purchase, he knew and intended to run the risk of the defect." The case before us is the case of an executed contract; but we think the facts alleged in the plea come clearly within the spirit of the rule laid down in the case of Cooper v. Singleton, and that the court erred in sustaining the plaintiff's exception. The judgment below is reversed, and the cause remanded.

Reversed and remanded.