ELIPHALET STEWART v. MARTIN R. CLARK, *et al.*

UNPAID TAXES; *Incumbrance; Contract; Defense.* Unpaid taxes levied upon land are an incumbrance upon the land; and where a mortgage contained a stipulation that no part of the mortgage debt was payable until all incumbrances had been removed from the mortgaged premises, and it appeared that certain taxes assessed against the land before the execution of the mortgage were unpaid, it was rightly held that no right of action accrued on the mortgage.

## *Error from Marshall District Court.*

STEWART brought his action to foreclose a mortgage executed by *Clark* and wife. The mortgage contained a stipulation that all "incumbrances" on the land were to be paid before any further payments were to be made on the mortgage. The defense was that certain road taxes assessed on the land were unpaid. The action was tried at the April Term, 1871. Judgment for the defendants. *Stewart* brings the case to this court.

*J. D. Brumbaugh,* for plaintiff in error.

The opinion of the court was delivered by

KINGMAN, C. J.: The plaintiff in error brought his action on a note and mortgage. The mortgage contained this clause: "The mortgage to one Steele, and all other incumbrances, if any, on said land are to be fully paid and removed from said land by said E. Stewart, his heirs or assigns, before any further payments are to be made on this note and mortgage."

The only question for decision was whether there was any incumbrance on the land. The taxes for 1862 were all paid except twenty-five cents road tax. The defendants having shown that fact, rested; and the court decided that the same was an incumbrance, and decided that no right of action had accrued. Unpaid taxes levied on land are an incumbrance on the land. *Long v. Moler,* 5 Ohio St., 271; *Mitchell v. Pillsbury,* 5 Wis., 407; *Hutchings v. Moody,* 30 Vt., 655.

The counsel for plaintiff in error shows by an examination of the several laws of that date, that the road tax for 1862 would appear on the tax roll of 1863, which are shown to have been paid.   Very well; admit he is right, and it is apparent that the unpaid road tax appearing on the roll in 1862, was the delinquent road tax of 1861, which was rightfully on the roll for 1862; and this is as much an incumbrance as though it were for another year.   The judgment is affirmed.

VALENTINE, J., concurring.

BREWER, J., not sitting in the case.