Geo. Brown, *et al.*, v. Jas. W. Evans, *as Administrator, &c.*

1. Practice; Trial; *Facts, Agreed and Found.* Where the parties to an action pending in the district court submit, the case to the court for decision and judgment upon an agreed statement of facts, it is error for the court to make findings of its own, differing from the agreed statement of facts, and then to render judgment upon its own findings.

2. ———— Where such a case is brought to the supreme court, and the record contains both the agreed statement of facts and the findings of the court below, the supreme court will ignore the findings of the court, and decide the case upon the agreed statement of facts.

3. Estate — *Not Liable for Fraud of Administrator.* An estate of a deceased person cannot be held liable for the false and fraudulent representations of the administrator.

4. ———— *Administrator's Promises.* Neither can the estate be held liable for the promises of the administrator, unless the administrator has the right, in law, to make such promises, or to perform the thing which he promises.

5. ———— But the estate may be held liable for promises made by the administrator where in law he has the right to make such promises, or where in law it is his duty without a promise to do just what he has promised to do.

6. Administrator to Pay Taxes *on Lands of Estate Sold by Him.* Where an administrator, in pursuance of an order of the probate court, offers certain lands belonging to the estate for sale, on which lands the taxes which have accrued since the death of the deceased have not been paid; and the administrator, in order to induce the defendant to purchase said lands, agrees orally to pay said taxes, and the defendant relying upon said agreement purchases said lands, paying therefor $2,000 down, and agreeing to pay $1,000 more in two years, and gives his note and mortgage for the deferred payment, *held*, that it was the duty of the administrator when he sold said lands to pay said taxes; and *held also*, that that portion of § 40 of the tax law which provides that when lands are sold by an administrator, the taxes thereon shall be paid out of the proceeds of the sale, is not repealed by §§ 132, 133 and 134 of the law concerning executors and administrators.

7. Taxes, *Paid by Purchaser, may be Recovered from Estate.* And where the administrator, after making said agreement and sale, neglects and refuses to pay said taxes, and the purchaser then pays them, and afterward the administrator sues the purchaser on said note and mortgage, and the purchaser sets up said facts in his answer and

asks relief, *held*, that the judgment should be for the plaintiff for the amount of the note and mortgage, less the amount of taxes which the purchaser paid on said lands.

### *Error from Franklin District Court.*

FORECLOSURE, brought by *Evans*, as administrator of the estate of L. F. Staples, deceased, upon a mortgage given him by *Brown* and two others to secure a part of the purchase-money for certain lands belonging to the Staples estate, sold them by *Evans*. The defendants claimed a set-off to amount of $197.28 paid by them, after their purchase, for taxes, interest, etc., due on the lands at the date of their purchase. Trial at the November Term 1873, and judgment for plaintiff for the full amount claimed in his petition. The proceedings upon the trial, and the facts agreed upon by the parties, sufficiently appear in the opinion, *infra*. The defendants bring the case here on error.

*Joel K. Goodin*, and *John W. Deford*, for plaintiffs in error.

*James M. Hendry*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note and mortgage. The issues were made up by petition, answer, and reply. Afterward the parties agreed upon the facts of the case, and submitted the case to the court below for judgment upon an agreed statement of facts. The court however, instead of finding the facts as agreed to by the parties, and rendering judgment thereon, made findings of its own, differing in form if not in substance from the facts agreed to by the parties, and then rendered judgment upon its own findings.

Of course the court below erred. The court below had no evidence upon which to make findings of fact differing from the facts agreed to by the parties, and it should have rendered the judgment upon the facts as agreed to by the parties. The latter part of § 559 of the

1. Trial; parties may agree as to the facts.

7—15 KAS.

civil code provides, that, " In cases decided by the supreme court, when the facts are agreed to by the parties, or found by the court below, or a referee, and when it does not appear, by exception or otherwise, that such findings are against the evidence in the case, the supreme court shall send a mandate

**2. Review of judgment and proceedings.** to the court below, directing it to render such judgment in the premises as it should have rendered *on the facts agreed to* or found in the case." This section tells us what to do when the facts are agreed to, *or* found; but it does not tell us what to do when all the facts are agreed to, *and* all found. If however the facts agreed to, and those found, were precisely alike, as they in fact ought to be, then there would be no difficulty in determining what should be done in the case. But the difficulty arises when the facts agreed to and the facts found differ from each other. In such a case we think we should follow the facts agreed to, and wholly ignore the facts found. We think this has been substantially decided in the case of the *Kansas Pacific Rly. Co. v. Butts*, 7 Kas. 308. The parties certainly ought to have the right to agree upon the facts of their case, and they certainly ought to know better what the facts of the case are than the court. We presume however that the facts found in this case are substantially the same as the facts agreed to, but as it would require considerable labor and study to determine the matter we have chosen not to give the subject any investigation, but pass at once to the facts as agreed to by the parties, and decide the case upon those facts. The agreed

**Statement of facts.** statement shows among others the following facts: On October 9th, 1866, L. F. Staples died intestate, leaving certain lands in Franklin county, which he owned at that time. In January 1867 the plaintiff, James W. Evans, was duly appointed administrator of Staples' estate, and in December 1868 the probate court duly authorized the plaintiff to sell said lands. During the month of February 1870 negotiations originated between the plaintiff and the defendants George Brown and David Brown. During these negotiations it appears that " to induce the said Browns to

purchase said lands the said Evans assured them that the said lands were free and clear of all incumbrances, and further assured them, though not in writing, that if said lands were not free and clear of all incumbrances he would make them so, and that he further assured them that the taxes on said lands had all been paid." Said Browns relied upon these assurances, and in pursuance thereof purchased said land, paying therefor $2,000 down, and agreeing to pay $1,000 more in two years. On March 17th 1870, the deed from the administrator to said Browns for said land, and the note and mortgage from Browns back to the administrator for $1,000, the balance of said purchase-money, were executed. At the time of said sale the taxes on said lands for the years 1868 and 1869 had not been paid, but still remained due and unpaid. The lands had at that time already been sold for the taxes of 1868, and were again sold in May 1870 for the taxes of 1869. The administrator continued to neglect and refuse to pay said taxes, although he had plenty of funds belonging to the estate, both before and after said sale, with which he could have paid them if he had chosen to do so. May 20th 1872 said Browns paid said taxes, which, with the penalties, interest, and costs, amounted to $197.28. In August 1872 the plaintiff Evans commenced this action on said note and mortgage. The defendants answered, setting up the payment of said taxes as a partial defense to the action, and the plaintiff replied setting forth a general denial. In November 1873 the case was submitted to the court below for decision and judgment on said agreed statement of facts; and in December following the court below rendered judgment in favor of the plaintiff and against the defendants for the full amount of said note and mortgage. Was this right, or should the court have allowed the defendants for the amount of the taxes (or some portion

3. Liability of estates of deceased persons.

of the same) which they paid? This is the only question now remaining for our consideration. We do not think that an estate of a deceased person can be held liable for the false and fraudulent representa-

tions of the administrator. (*Dunlap v. Robinson,* 12 Ohio St. 530; *Westfall v. Dungan,* 14 Ohio St. 276.) Neither do we think that the estate can be held liable for the promises of the administrator, unless the administrator has the right in law to make such promises, or to perform the thing which he promises. But we know of no good reason why an estate should not be held liable for promises made by the administrator where in law he has the right to make such promises, or where in law it is his duty without a promise to do just what he has promised to do. (*May v. Taylor,* 27 Texas, 125; *Moore v. Moore,* 22 La. An. 226.) The main question then in this case is, whether the administrator had the right under the law, either to make the promise he did make, or to pay said taxes whether he made a promise to do so or not. That he made the promise in substance to pay them, is unquestioned. Unpaid taxes levied on lands are an incumbrance thereon. (*Stewart v. Clark,* 8 Kas. 210.) And the administrator agreed, that if said lands were not free and clear from all incumbrances, he would make them so. The only question then left is, whether it was the right or the duty of the administrator under the law to pay said taxes. We think it was both his right and duty. Section 137 of the tax law (Gen. Stat. 1062) is some evidence that it was both. Certainly, if an administrator needs the lands of the estate with which to pay debts, it is as much his duty to pay all legal charges that may accrue thereon until he sells them, as it is to pay any charges on personal property for the care, preservation, and protection of the same while it remains in his custody. Upon general principles the administrator must 6. Administrator to pay taxes on lands sold. have power to keep, preserve, and protect all property, real and personal, placed in his hands for any specific purpose, and must have power to use the funds of the estate to prevent the destruction, loss or deterioration in value of said property. But the latter part of § 40 of the tax law (Gen. Stat. 1034) seems to make it plain that the administrator should pay the taxes when he sells the land. It reads as follows:

"Where any real estate shall be sold at judicial sale, or by administrators, executors, guardians, or trustees, the court shall order the taxes and penalties, and the interest thereon, against such lands, to be discharged out of the proceeds of such lands."

This provision, when applied to sales of lands by administrators, includes all unpaid taxes which have accrued against the lands, whether they have accrued before or after the death of the deceased owner; and includes all unpaid taxes which have not yet been merged into tax titles; and as the lien on real estate for taxes is paramount to all other liens or debts, it would seem that the taxes should be first paid out of the proceeds of the sale of the lands. It will be presumed that the order required by the foregoing section was made, and properly made; for, until the contrary is shown, it will be presumed that the probate court did its duty. The order required by said section should be made at the time that the probate court makes the order confirming the sale of the land. But whether either of said orders was in fact made, is not affirmatively shown by the record brought to this court. But even if said first-mentioned order were not in fact made, still we do not think that the omission would materially affect the substantial rights of the defendants. It was not their duty to make the order, nor to see that it was made; and until the whole transaction is finally closed up, we do not think that they would waive any of their substantial rights by suffering the omission to make the order to continue. But it is claimed that said provision in said § 40 has been impliedly repealed by §§ 132, 133, and 134 of the act concerning executors and administrators. (Gen. Stat. 457.) Now, repeals by implication are never favored in law. Besides, all these sections were passed by the same legislature; and §§ 132, 133, and 134 were passed only one day after § 40. It can therefore hardly be supposed that the legislature intended to repeal said provision in said § 40. And the intention of the legislature must govern whenever that intention can be discovered. We think however that said sections may

all have force by a fair, reasonable, and liberal construction; and if so, then of course said provision in § 40 has not been repealed. This view of the law certainly subserves the ends of justice in this particular case.

This cause will be remanded to the court below with the instructions that the judgment below be modified by deducting therefrom the sum of $197.28, with interest thereon at the rate of seven per cent. per annum from May 20th, 1872; and the defendant in error will pay the costs of this court.

All the Justices concurring.