THOS. N. GLISSON v. NANCY B. CRAIG.

(No. 222, Op. Book No. 1, p. 266.)

APPEAL from Lamar County.   Opinion by ECTOR, P. J.

**§ 42.** *Mistake; parol evidence in addition to written contract.* In a suit upon a note given for the purchase money of a tract of land, defendant pleaded an additional contemporaneous argument and understanding between the parties, which by mistake was left out of the deed and note.   On motion this answer was stricken out. *Held* error.   A court of equity will grant relief in cases of mistake in written instruments to prevent manifest injustice and wrong and suppress fraud, and will supply any defect occasioned by mistake.

**§ 43.** *Parol evidence to qualify and correct terms of written instruments.*   While, as a general rule, parol evidence is not admissible to contradict, qualify, extend or vary written instruments, still, in cases of fraud, accident or mistake, equity will admit parol evidence to qualify and correct the terms of written instruments, when the relief

is sought between the original parties to the trade or those claiming under them in privity, such as personal representatives, heirs, devisees, legatees, voluntary grantees, or purchasers from them with notice of the facts. [Story's Equity, §§ 151 to 164 and sec. 1531; 1 Greenl. Ev. (12th ed.), sec. 299*a;* May v. Taylor, 27 Tex. 125.]'

§ 44. *Mistake in written instrument.* If parties enter into an agreement, but there is an error in the reduction of the agreement so that the written instrument fails, through mistake of the draughtsman, either of matter of law or of fact, to represent the true agreement of the parties, or omits or contains terms contrary to the common intention of the parties, a court of equity will correct or reform the instrument. [Kerr on Fraud and Mistake, pp. 418, 419.]

May 7, 1877.                    Reversed and remanded.