### C. H. McCormic & Bro. v. M. G. Bush.

(No. 3889.)

AGENCY.— When the constituting act creating the agency is in writing, the nature and extent of the powers must be ascertained by the writing.

SUB-AGENTS — RATIFICATION OF ACTS — EVIDENCE.— The question of the ratification by the principal of the acts of a sub-agent is a mattter of fact for the jury, as was also the question as to whether letters written to the sub-agent in the principal's name, by a clerk, were authorized by the principal.

APPEAL from Grayson county. Opinion by WATTS, J.

As the business was suspended by the war, the appellant was not entitled to interest on whatever commissions the jury might allow him, from the 1st of January, 1862, and in this particular the court erred in the charge to the jury.

If, as claimed, appellee was the agent of appellants, then under the asserted contract, if the latter assumed control over the " orders, contracts, notes, accounts and assets accruing and growing " out of the agency, they were to allow him compensation in proportion to the services rendered previous to their assuming such control.

Under the contract appellee's commissions, for selling and delivering the reapers and mowers and collecting the money therefor, was to be ten per cent. It was not pretended that appellants interfered with appellee in reference to the matter, or that they resumed control of the matter until sometime after the close of the war. Then appellee would not be entitled to interest on commissions until his right to such commissions had accrued. Up to the time appellants

assumed control and created other agencies through which they sought to realize upon the claims, appellee had not complied with the terms of the supposed contract in this, that he had not collected the claims for appellants.

As he had not made the collections at the time they assumed control over the matter, then if his compensation is to be regulated by the contract, he would be entitled to a proportionate commission on the claims, including principal and interest, that were then collectible, and interest on that sum from that time until the rendition of judgment. It is stipulated in the asserted contract under which appellee claims that " Bush agrees to do all business pertaining to selling reapers or reapers and mowers combined, collecting and remitting all dues upon sales, etc., as hereinafter prescribed, for and in consideration of the sum of ten per cent. upon each reaper and upon each reaper and mower combined, to be due and paid said Bush out of actual collections, and in proportion to the amount of collections made from time to time; provided, however, that upon final settlement no commissions shall be allowed in case where the party purchasing fails to pay more than $65. The compensation only accrues to him on actual collections, and where more than $65 is paid upon each machine. And the compensation stipulated for in the event appellants resumed control of the matter before the business was completed was a proportionate commission according to the work done under the agency, dependent upon the claims being collectible at the time.

This rule would also be subject to the qualification that more than $65 of the claim for each machine was collectible at the time appellants assumed control, to entitle him to a proportionate commission upon the claim.

So far as appellee claims to have been the agent of appellants, by reason of contract between him and McKay, the question would depend upon the extent of McKay's power to bind appellants in the matter; and if his authority was in writing at the time such an agreement was made, appellee would be required to look to the writing for the purpose of ascertaining the extent of McKay's power to

bind the applications in that particular matter. Reese *v.* Medlock, 27 Tex., 125; Parsons on Contracts, vol. 1, p. 44. Even if McKay, without authority, constituted Bush the agent of appellants, and appellants afterwards acknowledged and treated him as their agent, then he would be considered as their agent. Story on Agency, sec. 249.