## THOMAS N. GLISSON v. NANCY B. CRAIG.

*Practice—Case stated.*—The amended answer in this case set up that at the time of the execution of the deed it was agreed to by the parties, as an essential element of the contract, that in case C. failed to establish a clear title to the land conveyed in a suit then pending between him and a third party, that he would pay back to G. the amount which G. paid on the land, with interest, which stipulation, it is averred in the amended answer, was left out of the deed, through an oversight of the draftsman in drawing the deed. The action of the court below, in striking out this amended answer upon demurrer, was error. Courts of equity will grant relief in cases of mistake in written instruments, to prevent manifest injustice and wrong, and will supply any defect occasioned by mistake.

*Same—Parol evidence.*—While, as a general rule, parol evidence will not be admitted to qualify, contradict, vary or extend written instruments, still, in cases of fraud, accident or mistake, equity will admit parol evidence to qualify and correct the terms of written instruments when the relief is sought between the original parties to the transaction, or those claiming under them in privity, such as personal representatives, heirs, devisees, legatees, voluntary grantees, or purchasers with notice of the facts.

Appeal from the District Court of Lamar county.—The opinion states the case.

Opinion by Ector, J.—On May 16, 1868, John B. Craig, appellee's intestate, brought suit in the County Court of Lamar county against Thomas N. Glisson, appellant, upon a promissory note for $563.62, executed by Glisson July 24, 1866, for 136 acres of land. There was a credit on the note of $150, which was admitted to be correct by the plaintiff.

After his general and special demurrer and general answer, Glisson sets up, in substance, that the note sued on was given as the purchase money for 136 acres of land in Lamar county, in the headright survey of John B. Craig, which said Craig conveyed to him by warranty deed at the time the note was executed, as the only consideration for the note; that the note was obtained by fraud; that Craig had no title to the land, and knew he had none at the time the note was made; that the title to the land was in litigation,

7D

and that since the giving of the note the title to the land had been
settled in the case of W. C. Denton's executors v. John B. Craig,
in Lamar county, and had been decreed to be in the Denton estate.
He also tenders back to Craig the deed, asks that it be cancelled,
offers to place Craig in *statu quo*, and asks that he have judgment
for $150 paid on the note, etc.

The defendant filed an amended answer, setting up, in substance,
that in addition to the contract as set out in the general warranty
deed and in the note, that it was further agreed and understood be-
tween the parties to the deed, and was an essential part of their
contract, that in case John B. Craig failed to establish a clear title
to the land in the case of Nancy Denton, as executrix of W. C. Den-
ton, v. John B. Craig, in the District Court of Lamar county, that he
would return the note and pay back to Glisson the amount he had
paid on it, with interest; that this was an essential part of the con-
tract, and was left out by an oversight and mistake of the drafts-
man in drawing the deed and note.

This amended answer, filed on the nineteenth of November, 1872,
was demurred to by the plaintiff, and was stricken out by the court,
to which the defendant excepted and took a bill of exceptions.

We believe that the court erred in sustaining the demurrer to de-
fendant's said amended answer, and for this the case must be re-
versed. A court of equity will grant relief in cases of mistake in
written instruments, to prevent manifest injustice and wrong, and
to suppress fraud, and will supply any defect occasioned by mis-
take. While, as a general rule, parol evidence is not admissible to
contradict, qualify, extend or vary written instruments, still, in
causes of fraud, accident or mistake, equity will admit parol evi-
dence to qualify and correct the terms of written instruments, when
the relief is sought between the original parties to the trade, or
those claiming under them in privity, such as personal representa-
tives, heirs, devisees, legatees, voluntary grantees, or purchasers
from them with notice of the facts. (Story's Equity, sec. 151 to
164, and 1531; 1 Greenleaf on Ev., 12 ed., sec. 299*a*; May v. Tay-
lor, 27 Texas, 125.)

Mr. Kerr, on Fraud and Mistake, lays down the following doc-
trine:

" If parties enter into an agreement, but there is an error in the
reduction of the agreement, so that the written instrument fails,
through mistake of the draftsman, either in matter of law or of

fact, to represent the real agreement of the parties, or omits or contains terms contrary to the common intention of the parties, a court of equity will correct and reform the instrument," etc. (Pages 418, 419.)

If it was expressly agreed upon between the parties to the deed (which is referred to in defendant's amended answer) that, in case Craig's title to the land should not be sustained against Denton's estate, that the trade between plaintiff, Craig, and defendant, Glisson, should be considered a nullity, and this agreement was an essential part of the contract, and was left out of the deed by mistake of the draftsman, it is certainly a question which may be properly raised in the defense, when the title to the land described has wholly failed, and the judgment in the suit of the executor of Denton against Craig has vested the title, both legal and equitable, in the Denton heirs.

The judge of the District Court of Lamar county should require the plaintiff and defendant to plead over in this case, so as to present, in a single petition and answer, the issues in the case. And the attorneys in the cause, if it be again appealed to this court, should see that the transcript is not sent up in so disconnected a manner. The time of this court has been spent unnecessarily in trying to understand the record.

The judgment of the district court is reversed and the cause remanded.