MINERVA READING v. EVALINE WIER, *as Administratrix of the Estate of George Wier, et al.*

ADMINISTRATOR—*No Duty to Pay Taxes, When.*  The real estate of an intestate descends to his heirs, subject in certain contingencies to the payment of the debts of the intestate; but, if the administrator does not need the lands of the estate with which to pay the debts, and does not sell the same, it is not his duty to pay the taxes accumulating on the real estate subsequent to the death of the intestate.

*Error from Bourbon District Court.*

DIEDRICH FUHRMAN died, intestate, September 22, 1871, leaving his widow and children as his heirs at law.  George Wier was appointed administrator of Fuhrman's estate, and continued to act as such until his death, October 27, 1878. Evaline Wier, widow of said decedent, was appointed administratrix of his estate.  *Minerva Reading,* widow of Fuhrman, brought this action against *Evaline Wier,* as the aforesaid administratrix, and also against the three sureties on the bond of George Wier as the aforesaid administrator.  The plaintiff claimed that George Wier had violated his bond as such administrator, by failing to pay certain taxes assessed against the land described in her petition, and by allowing the same to be sold for taxes and a tax deed to be issued thereon.  She prayed for judgment for $1,000, and for costs.  Trial at the September Term, 1882, of the district court, and judgment for defendants.  Plaintiff brings the case here.

*S. W. Blodgett,* for plaintiff in error.

*J. D. McCleverty,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The question in this case is, whether it is the duty of the administrator to pay the taxes accumulating on the lands of his intestate subsequent to the death of the intestate.  We think not, except when he sells the land.  If the administrator needs the lands of the estate with which to

pay debts, it is as much his duty to pay all legal charges that may accrue thereon until he sells them, as it is to pay any charges on personal property for the care, preservation and protection of the same while it remains in his custody. (*Brown v. Evans*, 15 Kas. 88; Gen. Stat., p. 1062, § 137; id., p.1034, § 40; Comp. Laws 1879, p. 969, § 150; id., p. 948, § 56.) · In all other cases, the heir, and not the administrator, is bound to pay the taxes. The lands of an intestate descend to the heirs, subject in certain contingencies to the payment of the debts of the intestate. The legal title is in the heirs, and the administrator takes no interest in the real estate, but possesses a naked authority to sell it on license to pay the debts where the personal estate is insufficient. Upon the death of Diedrich Fuhrman, his real estate descended at once to his heirs-at-law, incumbered with the liability for his debts, but until subjected to the debts by the administrator or the creditors by some judicial proceeding it was the property of the heirs, who were the ones to pay the taxes. (*Britton v. Hunt*, 9 Kas. 228; *Pratt v. St. Clair's Heirs*, 6 Ohio, 227; Williams on Executors, 6 Am. ed., p. 717.) It does not appear from the evidence produced upon the trial of this case in the court below that George Wier as administrator ever sold, or made application to sell, the lands described in the petition for the payment of debts, or that any steps were ever taken to subject the lands to the payment of debts due before the death of the intestate. Counsel cite § 137, Gen. Stat. 1868, p. 1062, and § 150, Comp. Laws 1879, p. 969. The provisions of the said sections are not applicable, because the administrator was not seized of the land described in the petition, and legally had no care thereof. The heirs of the intestate are the parties to look after the taxes upon the real estate inherited by them. The said sections might have operation, if applied to an executor acting under a will which gives him the real estate, or to an administrator with the will annexed.

The judgment of the district court will be affirmed.

All the Justices concurring.