GEORGE A. OSBORNE v. JOHN E. OSBORNE, *et al.*

DECLARATIONS AND LETTERS, *Incompetent as Evidence.* In an action for specific performance, the plaintiff claimed under a verbal contract with his mother for the conveyance of the land to him, and the making by him of lasting and valuable improvements after such contract, and the taking possession by him thereunder. Before the commencement of the action, the mother died intestate, without making a deed of the land to the plaintiff. Upon the trial, the court permitted the defendants—the other heirs of the mother—to give in evidence declarations made by the mother in the absence of plaintiff, and letters written by her in her lifetime to defendants, but subsequent to the taking possession of the land by the plaintiff, tending to show that there was no verbal contract between the plaintiff and his mother for the conveyance of the land to him; that she had furnished money for the improvements on the land; and that she regarded the land as her own. *Held,* That the declarations and letters offered in evidence cannot be regarded as part of the *res gestæ,* and being hearsay, and not against the interests of the mother at the time they were made, were incompetent as evidence.

*Error from Brown District Court.*

ACTION brought by *George A. Osborne* against *John E. Osborne* and others, to enforce the specific performance of a parol contract for the conveyance of land. Trial at the September Term, 1883, and judgment for defendants. Plaintiff brings the case here. The opinion states the material facts.

*James Falloon,* for plaintiff in error.

*A. R. May,* for defendants in error.

17—33 KAS.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff filed his petition seeking the specific performance of a verbal contract for the conveyance of one hundred and sixty acres of land.    It alleged, among other things, that in November, 1877, Mrs. Fuller, the mother of plaintiff, being the owner of the land in dispute, gave it to him upon condition that he would move upon and live on the land; that she put him into the possession thereof in the spring of 1878; that at the time, the land was worth about $1,200; that in pursuance of such gift, he took possession of the land, and has had the exclusive possession of it ever since; that, relying upon the gift as vesting in him the ownership of the land, and that his mother would convey the same to him, soon after taking possession, with the knowledge of his mother, he made valuable and lasting improvements thereon, of the value of $2,256.50; that his mother died intestate, on October 31, 1882, without making a deed to him of the land.

The plaintiff offered evidence in support of his petition. On the part of the defendants, the court permitted them to give in evidence a statement made in February, 1882, in the absence of plaintiff, to Albert G. Speer, one of the defendants, by Mrs. Fuller, that "she wanted the farm [the premises in controversy] to be given to George [her son], on the payment of $2,000 to the estate."    Also, the statement of Mrs. Fuller, made on August 5, 1882, in the absence of plaintiff, to Abbie M. Klinefelter, another defendant, that she "had furnished money for the improvements on the farm."    The court also permitted to be read in evidence the letters of Mrs. Fuller written to Abbie M. Klinefelter and her husband, in 1879, tending to show "that she regarded the farm as her own."

We think all of this evidence was incompetent as being hearsay, and not coming within any of the exceptions to the rule rejecting hearsay evidence.    It cannot be claimed that these letters and statements of Mrs. Fuller were declarations against interest, that is, against her interest at the time when they were

made.   They tended to show that she was the owner of the premises, and that the plaintiff had no ownership therein; therefore, they were in support of the title and interest of Mrs. Fuller — not against her.

It is claimed however by the defendants, that the declarations made by Mrs. Fuller, and the letters written by her, may be regarded as part of the *res gestæ*, and therefore properly admitted as original evidence.   At the time the statements were made and the letters written, Mrs. Fuller was not in the actual possession of the premises in controversy, and therefore the evidence was not admissible as "declarations accompanying the act of possession;" they did not explain her possession, or the nature of the same.  The statements and letters were not made or written simultaneously with the giving of the possession of the premises to the plaintiff; nor with the doing of any act by her connected with such possession; nor were they made or written at the time any act was done by her regarding the property which was material to the issue before the court; nor were they of a character to explain or define any such act.    We think, therefore, that the statements and letters could not be properly received as any part of the *res gestæ*. (1 Greenl. Ev. [12th ed.], §§ 109, 110, 127.)

It is unnecessary to refer to the circumstances under which courts will specifically enforce verbal contracts for conveyance of lands, as the law is fully declared in *Galbraith v. Galbraith*, 5 Kas. 402.   Before another trial is had in this case, the petition should be amended to conform to the law as announced in *Reading v. Weir*, 29 Kas. 429; and *Head v. Sutton*, 31 id. 616.   Under the decisions in those cases, the legal title of the premises in controversy is in the heirs of Mrs. Fuller, and the administrator has no interest therein, but possesses a naked authority to sell on license to pay the debts, if the personal estate is found to be insufficient.

The judgment of the district court will be reversed, on account of the reception of incompetent evidence, and the cause will be remanded for a new trial.

All the Justices concurring.