No. 31,434

In re Estate of Mary Jane Eadie, Deceased; GEORGE H. COTTON, Executor, *Appellee*, v. LAWRENCE G. WALLACE, DOROTHEA WALLACE ORVIS and FRANK ALGERNON ORVIS, *Appellants*.

(28 P. 2d 985.)

Opinion filed January 27, 1934.

W. J. *Pirtle*, of Council Grove, for the appellants.
W. L. *Huggins* and L. W. *Raynolds*, both of Emporia, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an appeal from an order of the district court refusing to set aside an order of the probate court approving the final accounting of an executor.

Mary Jane Eadie died testate at Council Grove on July 27, 1924. She left surviving her Martha G. Cotton, a daughter, Martha Lucille Wallace Orvis, a granddaughter, and Lawrence G. Wallace, a grandson. In January, 1929, Martha Lucille Wallace Orvis died, leaving two children, Dorothea Wallace Orvis and Frank Algernon Orvis.

Mary Jane Eadie made her home with her daughter and family, Mrs. Cotton, and Mr. Cotton, for eight or ten years before her death. Her will was admitted to probate September 4, 1924. George Cotton was appointed executor. The will directed that the executor, not later than three years after the death of Mrs. Eadie, sell all prop-

erty, real and personal, and pay the debts of the estate. Section four of the will is as follows:

"One-half to my daughter, Martha G. Cotton, and the other half to be divided as follows:

"Three hundred dollars ($300) to be first given to my granddaughter, Martha Lucille Wallace, and after deducting said $300 therefrom the balance to be equally divided between my granddaughter, Martha Lucille Wallace, and my grandson, Lawrence G. Wallace."

During her lifetime Mrs. Eadie had owned eighty acres of land in Clay county, Iowa, eighty acres in Tama county, Iowa, and 160 acres in Ford county, Kansas. In 1920 Mrs. Eadie sold the Clay county land for $5,000. During the proceedings in probate court appellants questioned the disposition that was made of the proceeds of that sale. It appears, however, that none of it ever reached the hands of the executor, and appellants in their brief state that this money appears to have been used by the family in the four years during which she lived after the sale—hence the disposition of it cannot be considered in this appeal.

The inventory filed by the executors showed but one item, the 160 acres in Kansas.

On June 3, 1918, Mrs. Eadie executed a conveyance of the eighty acres in Tama county to Martha G. Cotton. The deed set out the consideration as one dollar and other good and valuable consideration, and also contained the following provision:

"It is understood and agreed by and between the parties hereto that a part of the consideration for this conveyance is the care and maintenance which the said party of the first part has received from the said party of the second part, which the said party of the first part hereby acknowledges that she has received from the said party of the second part.

"And it is further understood and agreed by and between the said parties hereto that as a further consideration for this conveyance from the party of the first part, the said party of the second part hereby agrees and promises to care for and maintain the said party of the first part so long as the said party of the first part shall live.

"And it is further understood and agreed that the title to the within described premises shall remain in the said party of the first part so long as she shall live, and shall not become vested in the said party of the second part until the death of said party of the first part.

. . . . . . . . . . . . . . .

"To have and to hold the above granted premises unto the said party of the second part, her heirs and assigns forever, from and at the death of the party of the first part."

The deed then contained the warranties of title that are usually

found in a warranty deed. In these proceedings appellants claim that this was not a warranty deed, but was testamentary in character, and that since Mrs. Cotton did not cause it to be admitted to probate it is of no effect and conveyed no interest whatever in the land. The argument is that on that account the executor should have sold this land and distributed the proceeds.

Appellants argue the purported deed to the Tama county land was not a deed, but an attempt to convey property by will without complying with the formality of making a will. A decision on that point would involve an adjudication of the title to real estate. The proceeding under review is an order of a probate court approving a final report of an executor. Probate courts do not have jurisdiction to hear and determine actions involving title to real estate. (See R. S. 20-1101.) Hence the matter of the purported conveyance of the Tama county land was not properly before the trial court and may not be determined in this appeal.

George Cotton was appointed executor on September 4, 1924. On June 27, 1927, he filed a statement and asked for a final settlement and discharge. Notice was published, and on July 27, 1927, the probate court approved the executor's report and discharged him. On August 20, 1927, appellants, who lived in California, filed an application in which they asked the probate court to set aside the order of final discharge, and that the executor be required to make an accounting of the estate. This application alleged that no proof of the debts paid had been required by the executor; set out the facts with relation to the Clay county eighty acres and alleged that the proceeds of this sale had been kept out of the estate by the connivance and collusion of Mr. and Mrs. Cotton; alleged that Mrs. Eadie was the owner of the Tama county eighty acres; and that Mr. and Mrs. Cotton had made no accounting of the rents and profits of this real estate and that the executor had concealed the condition of the estate from appellants with the intention of defrauding appellants of their proportionate share of the estate. This application was denied. At the hearing on this application evidence showing the final payment was heard, together with the objections of appellants. The court found that the estate had been fully administered and that there was not in the hands of the executor any property of Mrs. Eadie. Appellants appealed to the district court. The appeal was in form only an appeal from the order denying the application to set aside the final settlement. Appel-

lants argue that it was in effect an appeal from the order of final discharge. The district court found it was an appeal from the order refusing to set aside the final discharge. But this question makes but little difference as the district court heard evidence as to the entire matter of the estate.

The statute which appellants rely on is R. S. 22-915. It is as follows:

"When the account is settled in the absence of any person adversely interested and without actual notice to him, the account may be opened on his filing exceptions to the account at any time within six months thereafter; and upon every settlement of an account by an executor or administrator, all his former accounts may be so far opened as to correct any mistake or error therein, excepting that any matter of dispute between two parties which had been previously heard and determined by the court shall not be again brought in question by the same parties, without leave of the court."

The motion of appellants contained the following allegation:

"Your applicants further state that no proof of any of said debts against said estate has been filed, proved or allowed, as provided for by law and that the said executor is not entitled to credit upon his statement, as set forth therein."

The application did not state nor did the proof show that any debts were paid by the executor that should not have been paid. The executor met the above motion with what amounted to a general denial. The probate court found the issues generally in favor of the executor and refused to set aside the order of final discharge. This finding was made after a hearing at which evidence on both sides was taken and all parties were given an opportunity to be heard.

When the district court heard the appeal complete hearing was had. The findings of the court amount to a finding on conflicting evidence that the appellants did not establish the facts necessary to be established in order to conform to the provisions of R. S. 22-915.

We have therefore concluded that the judgment of the trial court should be and it is affirmed.

HUTCHISON, J., not sitting.