### WALTER MORSE *vs.* ASA F. MASON & wife.

A promissory note, given by a wife to the builder, for the price of a barn already built on her land, is invalid in his hands, for want of a sufficient consideration, if the barn was built by the order and on the account and credit of her husband; but valid, if in the transaction the husband was acting as her agent, and the credit was given to her.

CONTRACT on a promissory note, dated May 8, 1865, and signed by the defendants, Asa F. Mason and Eliza M. Mason, his wife, promising jointly to pay to Leonard Morse or order $300 in three years, and indorsed in blank by the payee. Writ dated May 16, 1868. The case was submitted to the judgment of the superior court, and, on appeal, of this court, upon a statement of facts agreed, the substance of which appears in the opinion.

*R. Gordon,* for the plaintiff.

*W. S. Gardner,* for the defendants.

MORTON, J. The only question presented in this case is, as to the liability of Eliza M. Mason upon the note in suit. The

statement of facts does not furnish us with the means of decid-
ing this question. It appears that the note was given in pay-
ment for labor and materials furnished in building a barn upon
land which was the separate estate of Mrs. Mason; but it also
appears that it was given after the barn was finished. If Leon-
ard Morse was employed by Asa F. Mason, and agreed to build
the barn upon his account and credit, the note signed by Mrs.
Mason would not bind her, for want of a sufficient considera-
tion to support her promise. It would fall within the rule of
law that an executed and past consideration is not sufficient to
support a subsequent promise. *Chamberlin* v. *Whitford*, 102
Mass, 448, and cases cited. On the other hand, if Morse con-
tracted with Asa F. Mason as the agent of his wife, and upon
her credit, the note given by her, with a knowledge of the facts,
would be a contract in reference to her separate estate, founded
upon a sufficient consideration and binding upon her. *Parker*
v. *Kane*, 4 Allen, 346. It does not appear by the statement of
facts whether the contract was made with the husband upon
his own credit, or as the agent of the wife. If this essential fact
is in dispute, it must be settled by a trial. This court cannot
determine it.

We have not felt called upon to consider whether a note
of a married woman, which in the hands of the original payee
is invalid for want of consideration, can under any circum-
stances be enforced against her in a suit by an indorsee for
value who takes it in the usual course of business before matu-
rity. This question was not raised at the argument, and the
agreed facts do not state when or under what circumstances
the note in suit was indorsed to the plaintiff.

As the statement of facts does not contain all the facts neces-
sary to determine the rights of the parties, it must be discharged
and the                                   *Case stand for trial.*