### Charles Y. Meserve & another *vs.* John S. Andrews.

An agreement to share profits may, but does not necessarily, imply a joint interest in prop-
erty held or used for the purposes of the business from which the profits are to arise.

The submission of a case to the judgment of the court on an auditor's report as a statement
of agreed facts does not import that the court is to presume in favor of conclusions of
the report upon facts not sufficiently stated to enable a revision of such conclusions in mat-
ters of law, and if they are essential to a judgment the statement will be discharged.

CONTRACT. The declaration alleged that the parties agreed
that the plaintiffs should permit the defendant to use and oc-
cupy their shop in Boston, and should render certain services to
him in his business, and in consideration thereof he should pay
them rent, and for repairs and furniture, and also a quarter of
the net profits of the business ; that the plaintiffs faithfully per-
formed their part of the agreement, and there were net profits
resulting from the business ; but that the defendant refused to
pay the plaintiffs anything.

The case was sent to an auditor, who made a report of which
the following is the material part :

" The plaintiffs were several years lessees of shop No. 108
Sudbury Street, and the defendant occupied with their permis-
sion a part of the shop. In February 1865, it was agreed be-
tween the parties, that, after March 1 ensuing, the defendant

should have increased accommodations, should pay the entire rent of the shop, and should furnish the necessary capital and defray all expenses incident to his business; and that the plaintiffs should assist him in carrying on his business and receive one quarter of the net profits thereof. Pursuant to this agreement, the defendant was allowed such increased accommodations as he desired, and the plaintiffs performed such services in the management of his business as they were required to perform. They expended money in fitting the shop for his accommodation, and purchased and paid for certain articles of furniture for his use, and paid certain expenses incurred in the prosecution of his business. [The sums thus paid were stated in an exhibit annexed to the report.] On April 30, 1865, shop No. 108 was burned, and on May 1 the plaintiffs procured another shop on the same street, No. 85. The defendant on that day removed with the plaintiffs into this shop, where he continued to prosecute his business till May 15, when he removed to another shop and discontinued his connection with the plaintiffs. Upon all the evidence, I find that the net profits of the defendant's business during March and April were $1200, and that during the first fifteen days of May there were no profits. The defendant sustained a loss by the fire at No. 108; and he was prosecuted for carrying on an illicit business. He defended successfully, and expended a considerable sum of money in the defence. In ascertaining the profits, I have not taken into account the loss by fire or the money expended in defence of the prosecution."

After the return of this report, the case was submitted thereon to the judgment of the superior court under an agreement of the parties " that the above report be taken as a statement of agreed facts, and if the court shall be of opinion that the loss of the defendant by fire, and the sums expended by him in defending against prosecution, mentioned in said report, ought to be deducted from the profits of the business reported by the auditor, then the case is to be recommitted to ascertain those losses and sums paid." Judgment was ordered thereon for the plaintiffs, and the defendant appealed.

*J. F. Pickering*, for the plaintiffs.

*J. G. Abbott*, for the defendant.

WEILS, J.   The agreed statement does not make it appear whether or not the business of Andrews was such that the right of the plaintiffs to share the net profits involved an interest in the property burned, as a part of the subject matter out of which those profits were to be derived.   The agreement to share profits may, but does not necessarily, imply a joint interest in the property held or used for the purposes of the business from which such profits are to arise.   *Howe* v. *Howe*, 99 Mass. 71.   The agreed facts also fail to show whether the prosecution which he defended arose from, or had such reference to the joint interest and conduct of the parties, as to give rise to the implication that the defence was properly made and the costs incurred for the joint benefit, or with the authority or assent of the plaintiffs.

An auditor's report is *primâ facie* evidence upon any issue of fact to be tried in the case, and, if not controlled, will warrant a verdict and judgment in accordance with its conclusions. The court may, upon the facts stated in the report, derive a conclusion different from that adopted by the auditor, if the legal construction and effect of those facts require it.   But the facts stated in the report must, for that purpose, be such as to control the conclusion.   If they do not, the presumption is that the conclusions are based upon evidence before the auditor which is not reported ; and the report stands as establishing *primâ facie* the results it states, unless overcome by evidence *aliunde*.   We cannot suppose that it was intended by this agreement to give to the conclusions of the auditor any such effect upon the issue of law to be presented here.   The very purpose of the submission of the case upon the report as an agreed statement was, as we understand it, to test the correctness of the conclusions of that report by the special facts which it states.   In this hearing, therefore, the report of the auditor must be regarded as having no force except as a mere statement of facts ; and the facts stated are not sufficient to enable the court to determine whether the conclusions of the auditor upon the questions presented here were right, as matters of law, or not.   Consequently the

*Agreed facts must be discharged.*