OLD COLONY RAILROAD COMPANY *vs.* SALMON W. WILDER.

Middlesex.   March 4. — Sept. 3, 1884.   DEVENS & COLBURN, JJ., absent.

An action by a common carrier against the consignee of goods, for the amount
of freight charges, was submitted to the Superior Court upon an agreed state-
ment of facts, which showed that the consignee ordered the goods of the con-
signor at a certain price deliverable at L.; that the consignor marked the
goods, "Collect freight charges at other end;" and that the goods were deliv-
ered to the consignee at L. without a demand by the carrier for the amount
of such charges, and without an express promise by the consignee to pay
them; but did not show whether the consignee accepted the goods, knowing
that the carrier looked to him for the payment of the freight. *Held*, that
the case stated was imperfect, in failing to state a vital fact, and should be
discharged.

MORTON, C. J.   This case was submitted to the Superior
Court, and, after judgment for the plaintiff, to this court, on
appeal, upon an agreed statement of facts.   The defendant or-
dered a car-load of tow of a third person in Ohio, at $1\frac{7}{8}$ cents per
pound "delivered in Lowell, Mass."   The consignor delivered
the tow to a transportation company with which the plaintiff
corporation is connected, to be carried to Lowell, directed to
the defendant, and marked, "Collect freight charges at other
end."   The plaintiff carried the tow to Lowell, and deliv-
ered it to the defendant, who used it in his business.   It is
admitted that the defendant never expressly promised to pay
the freight.   If he is liable to the plaintiff, therefore, it can
only be upon the ground of an implied promise springing out
of his acceptance of the tow.

It is settled that, when goods are carried by a carrier under
a bill of lading, by which they are to be delivered to a con-
signee, "he paying freight therefor," if the consignee accepts
the goods under the bill of lading, the law implies a promise
that he will pay the freight.   So, if goods are carried by land,
and the consignee accepts the goods knowing that the carrier
looks to him for the charges of carriage, he thereby impliedly
promises to pay such charges.   This is on the principle, that
he who accepts a thing which he knows to be subject to a
duty or charge which he is expected to pay, thereby contracts
by implication to take the duty or charge on himself.   *Boston &*

*Maine Railroad* v. *Whitcher*, 1 Allen, 497. *Blanchard* v. *Page*, 8 Gray, 281.

In the case at bar, if the defendant accepted the tow knowing that the plaintiff looked to him for the freight, the law would imply a promise by him to pay it. If he had not such knowledge, no promise would be implied. The parties have failed to agree upon this vital fact. It is agreed that the plaintiff did not demand the freight of him when the tow was delivered. The fact that the tow was marked, " Collect freight charges at other end," is evidence that the defendant knew that he was expected to pay the charges. But it is not conclusive evidence. Whether it is a fair inference that it attracted the defendant's notice might depend upon the manner and character of the marking, and other evidence.

As the agreed statement of facts is imperfect, the question is what disposition should be made of the case.

The cases which have been before this court upon agreed facts or cases stated are numerous, and, as there appears to be a want of uniformity in the decisions, or rather in the expressions used by the justices in delivering the opinions, it is well to state the principles upon which the court proceeds in dealing with such cases.

It has always been the law in this Commonwealth, that parties could submit a case to an inferior court upon " a case stated," and that an appeal lay from the judgment thereon of such court to the Supreme Judicial Court. The case stated becomes a part of the record, somewhat in the nature of a special verdict. The St. of 1817, *c.* 185, and the St. of 1820, *c.* 79, establishing the Court of Common Pleas, recognized and saved the right of appeal upon a " case stated." The Revised Statutes directly provided that, " when an action is submitted to the determination of the Court of Common Pleas, upon a case stated by the parties, either party may appeal from the judgment, unless it is agreed that the judgment of the Court of Common Pleas shall be final." Rev. Sts. *c.* 82, § 11. The St. of 1840, *c.* 87, provides that either party may appeal from any judgment founded upon matter of law apparent on the record. A case stated is not directly mentioned in that statute, but it is clear that it was not intended to take away the right of

appeal from a judgment upon a case stated; and such right is recognized in the General Statutes and in the Public Statutes. Gen. Sts. *c.* 112, § 5. Pub. Sts. *c.* 150, § 7. It has therefore constantly been held by this court that either party had the right of appeal to this court from the judgment of the Court of Common Pleas or the Superior Court, upon a proper case stated. *Hovey* v. *Crane*, 10 Pick. 440. *Commonwealth* v. *Cutter*, 13 Allen, 393.

When an action is submitted upon a statement of facts, which contains a clause that the court may draw any inferences of fact from the facts and evidence stated, this court cannot inquire whether the inferences of fact drawn by the inferior court are correct, its judgment being conclusive upon such findings of fact. *Cochrane* v. *Boston*, 1 Allen, 480. *Charlton* v. *Donnell*, 100 Mass. 229. Under our present system, in an action at law, an appeal brings to this court only questions of law, and never any questions of fact.

When an action is submitted to the Superior Court upon a case stated, containing no clause authorizing the court to draw inferences of fact, the only question presented by it is the question of law whether, upon the facts stated, the plaintiff has made a case which entitles him to judgment. Unless, upon such facts, with the inevitable inferences, or, in other words, such inferences as the law draws from them, a case is made out, the court would consider that the plaintiff has not sustained the burden of proof, and therefore is not entitled to judgment. But neither the Superior Court in the first instance, nor this court upon appeal, has the right to found its judgment upon any disputable inferences of fact. This view of the nature of a case stated is sustained by other courts. *Byam* v. *Bullard*, 1 Curt. C. C. 100. *Diehl* v. *Ihrie*, 3 Whart. 143. *Kinsley* v. *Coyle*, 58 Penn. St. 461.

We think the decisions of this court are all consistent with this view, though, as we have before stated, some of the expressions in the opinions would seem to imply that the court had the right to found its judgment upon inferences of fact which it might draw from the facts stated. But it is often found that a case stated is imperfect, in failing to state some fact which is essential to the determination of the rights of the parties. In

such cases, if it appears that the facts stated are all that the plaintiff is able to prove, and they are insufficient to establish his case, the court will enter judgment against him, upon the doctrine of the burden of proof. But if it seems that the needed fact is inadvertently omitted, or is a fact which is susceptible of proof, one way or the other, the usual course is for this court to discharge the case stated, and remand the unsettled question of fact to be tried in the Superior Court, by the proper tribunal. *Gregory* v. *Pierce*, 4 Met. 478. *Lefavour* v. *Homan*, 3 Allen, 354. *Morse* v. *Mason*, 103 Mass. 560. *Meserve* v. *Andrews*, 104 Mass. 360.

In the action before us, the case stated is imperfect. The vital question whether the defendant accepted the tow knowing that the plaintiff looked to him for payment of the freight, is left undetermined. This is plainly a question of fact, and it is clear that evidence tending to decide it is within the reach of the parties. It seems to us that, in order fairly to preserve the rights of the parties, this question should be tried in the Superior Court; and therefore that the case stated should be discharged. *Ordered accordingly.*

*C. S. Lilley*, for the plaintiff.

*N. D. Pratt*, for the defendant.