### HELEN E. PHELPS *vs.* GEORGE W. PHELPS & others, executors, & others.

Hampden.      Sept. 27, 1887. — Jan. 3, 1888.   C. ALLEN & HOLMES, JJ., absent.

A bill in equity, brought by a creditor of A., was submitted to this court upon an agreed statement of facts, which showed that the plaintiff was a creditor of A.; that A. was a *cestui que trust* under a will, which gave him the income of certain property for the support of himself and his son, and provided that the support of the son should be as the father directed; and that all claims against the estate of the testator had been paid, and the executors of the will had a large amount

of property in their hands applicable to the bequest to A. and his son; but did not show the amount of the trust fund, nor the income, nor the age and condition of the son, nor what was needed for his support, nor whether the whole or any part had been appropriated for that purpose. *Held*, that the case stated was imperfect, and should be discharged.

BILL IN EQUITY against the executors of the will of Willis Phelps, John Wesley Phelps, and Willis Phelps, 2d, alleging the following facts:

On March 26, 1885, the plaintiff was divorced from John Wesley Phelps, and said John was ordered by a decree of this court to pay her, as alimony, the sum of $1200 annually, in equal quarterly payments, after the date of the decree. One of these payments has become due, and said John has neglected to pay the same; and he has no property which can be come at to be taken to satisfy any execution which might issue therefor.

The will of Willis Phelps, after disposing of the income of one half of his estate, provides as follows: " The income of the other half of my estate, both real and personal, . . . . is to be given to my son, John Wesley Phelps, for the support of himself and son, Willis Phelps, 2d. (The support of the son shall be as the father shall elect.) "

The bill further alleged that there was then in the hands and possession of the executors a large amount of property, both real and personal, and the proceeds of real estate sold by authority of the will; " that the income of one half thereof is largely in excess of the amount needed for the proper support of said Willis Phelps, . . . . and largely in excess of any sum by the said John W. used and appropriated therefor; " and " that the excess thereof, above what is reasonably necessary for the support of said Willis Phelps, or the whole thereof, is payable to said John W. Phelps, and should be used for the payment of the alimony decreed to the plaintiff, as the same from time to time becomes due."

The prayer of the bill was for a decree directing the executors to pay to the plaintiff the amount then payable to her under said decree, and, from time to time thereafter, to pay such sums as should become due thereunder, out of the income of said one half of said estate, after making suitable provision for the

support of Willis Phelps, 2d, and for a decree fixing the amount to be appropriated for his support.

The case was heard by *W. Allen*, J., and reserved for the consideration of the full court, upon an agreed statement of facts, which, after stating that the pleadings might be referred to, proceeded in substance as follows:

John W. Phelps has paid nothing under the decree for alimony. Willis Phelps, 2d, is a minor, under the care of his father, and without means of support, except under the provisions of said will. More than two years have elapsed since the executors gave bonds for the performance of their trust, due notice was given of the appointment, all claims against the estate have been paid, and there is a large amount of personal and real estate in the hands of the executors in this State, to which the residuary clause of said will applies.

If, in the opinion of the court, the bill can be maintained, the case may be referred to a master to determine the amount of the income of said estate, and what part thereof should be applied for the maintenance of Willis Phelps, 2d, and what part for the satisfaction of the plaintiff's claim, subject to such rights as the executors of said will, or any person interested in said will, may have, if any, to retain or hold any sums due said John W. under said will, for any debts or sums owing by him to said estate, or to the testator in his lifetime.

*G. Wells*, for the plaintiff.

*G. M. Stearns*, for J. W. Phelps and W. Phelps.

MORTON, C. J.   The statement of facts upon which the case is submitted to the court is imperfect, and does not contain enough to enable us to determine the rights of the parties. It has been held that, under the will of Willis Phelps, his son John W. Phelps does not take the income of one half of the residue absolutely, but it comes into his hands charged with a trust for the support of his son Willis Phelps, who could enforce its due appropriation in part for his benefit in a court of equity. *Phelps* v. *Phelps*, 143 Mass. 570.

Under the terms of this will, John W. would have the right to appropriate the whole of the income coming to him for the support of Willis, if it was reasonably needed for that purpose. The plaintiff's bill proceeds upon this view of the will, and

alleges that "the income of one half thereof is largely in excess of the amount needed for the proper support of the said Willis Phelps, . . . . and largely in excess of any sum by the said John W. used or appropriated therefor." But the statement of facts does not show what the amount of the trust fund is, what the income is, what the age or condition of Willis is, or what is needed for his support, or whether the whole or any part of it has or not been appropriated for that purpose. It is not the right of parties or their counsel to submit a case upon a statement of facts which is imperfect and inconclusive in itself, with an agreement that if, upon any facts, the plaintiff's case can be maintained, the case may be referred to a master or assessor to determine whether such vital facts exist. This is what the parties have attempted in this case. It is asking the court to pass upon a case which may never arise, and to decide questions which may be purely speculative. *Smith* v. *Cudworth*, 24 Pick. 196.

We can only decide now that upon the facts stated the plaintiff cannot maintain her bill. Whether she can do so upon any state of facts cannot be decided until the facts are settled. But, as the case was probably presented in this form under a misapprehension as to the rights of the parties, we are of opinion that the just and proper result is that the reservation and case stated should be discharged. *Old Colony Railroad* v. *Wilder*, 137 Mass. 536. *Order accordingly.*