JANE GALLAGHER *vs.* HATHAWAY MANUFACTURING CORPORATION.

Bristol.    October 25, 1897. — November 24, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Case Stated — Inferences of Fact.*

If a case is submitted to the Superior Court, or to this court, on agreed facts, inferences of fact cannot be drawn by the court.

CONTRACT to recover a balance due for wages. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, upon agreed facts, in substance as follows.

The defendant, a cotton manufacturing corporation, made a written offer that it would pay for weaving a cut of cloth of a

style designated as No. 294 as follows: for a cut of first quality, $1.17; for a cut of second quality, 58½ cents.   Whether a cut of cloth woven was to be classed as first or second quality was to be determined by the defendant's superintendent.   The plaintiff went to work before reading this written offer, and without any further communication with the agents of the defendant wove a cut of cloth of style No. 294.   It was inspected by the defendant's superintendent, and by him classed as second quality cloth, on account of a number of imperfections in the weaving due to the plaintiff's own carelessness.   She was paid for that cloth, but the next week a deduction on account of the defective cut was made from her wages.   She refused to agree to the deduction, and left the defendant's employ.   The deduction was what is commonly known as a "fine"; and the plaintiff contended that the question was whether the defendant in making the fine complied with the provisions of St. 1894, c. 508, § 55.

*J. W. Cummings,* (*C. R. Cummings* with him,) for the plaintiff.

*O. Prescott, Jr.,* for the defendant.

HOLMES, J.   We have made an effort to settle the questions at issue between the parties on this agreed statement, but we have found it impossible.   Neither we nor the Superior Court can draw inferences of fact from an agreed statement.   *Old Colony Railroad* v. *Wilder,* 137 Mass. 536, 538.   Yet the most important issues between the parties are left dependent upon conclusions of fact which are not drawn in the statement.   The first of these is whether the plaintiff contracted on the terms of the notice.   She had read it, but on the other hand she had gone to work before she had read it, so that there is a question left open, — not, to be sure, whether she inwardly assented to the notice, but whether the reasonable import of her overt acts was assent to its terms.   It is true that she shows no other claim to be paid at the rate of one dollar and seventeen cents.   But her action technically is to recover money due to her for other work.   The work in question had been paid for, and she might recover without proving anything more than that she had done the later work and the rate at which she was to be paid.   The defendant has to make out a right to deduct something from a sum admitted to have been earned.

Assuming with the plaintiff that the notice is a notice of fines, there might be a second question whether the plaintiff understood or ought to have understood that that was what was meant by the lower price for second quality work. If this were the only question, we should assume that the meaning of the notice was sufficiently plain to be understood by hands of common experience.

But there is a further difficulty from which we cannot escape. Whether the plaintiff understood and by implication agreed that the payment of first quality prices was provisional, and that if there was an overpayment the amount might be withheld the next week, is a pure question of fact, which must be settled before we can reach the questions of law which we suppose the parties really wish to have decided. We think that justice would not be done if we should give judgment while the matters which we have mentioned remain open, and therefore must discharge the statement. *Old Colony Railroad* v. *Wilder*, 137 Mass. 536, 539.

*Case stated discharged.*