GOODWIN v. KRAFT.

No. 2092, Okla. T. Opinion Filed March 9, 1909.

(101 Pac. 856.)

1. APPEAL AND ERROR—Review—Agreed Statement of Facts. In a case triable in this court on review on an agreed statement of facts, this court, not being concerned with the credibility of witnesses or the weight of their testimony, will apply the law to the facts as a court of first instance.

2. SUBMISSION OF CONTROVERSY—Agreed Statement of Facts —Determination and Relief. Unless upon the agreed statement

of facts and the inferences which the law draws from them a case is made out for the plaintiff, he having the burden of proof, judgment should be rendered for defendant.

3. **PRINCIPAL AND AGENT** — Negligence of Agent — Loaning Money. In an action by a money lender against his agent to recover the amount of a loan alleged to have been lost through the negligence of the agent in passing upon the title of the borrower to the proposed security, the agreed statement of facts recites the contract of agency to be that the agent shall use such care in making the loan as he used in transacting his own business of like character; that in loaning his own money he was in the habit of passing upon the sufficiency of the title to the proposed security; that in loaning the money sought to be recovered he passed upon the title to the proposed security, and in so doing exercised the same degree of care, skill, and diligence that he was accustomed to exercise in transacting his own business of like character; and that it was his honest judgment that the abstract showed good title in the borrower. **Held** that, in the absence of proof tending to show that the agent was not possessed of reasonable skill or capacity in determining the validity of titles, no recovery can be had against him.

(Syllabus by the Court.)

*Error from District Court, Custer County; C. F. Irwin, Judge.*

Action by Frank Kraft against Charles W. Goodwin. Judgment for plaintiff, and defendant brought error to the Supreme Court of the territory of Oklahoma, whence the cause is transferred to the Supreme Court of the state of Oklahoma. Reversed, and action dismissed.

On August 26, 1905, Frank Kraft, defendant in error, plaintiff below, hereafter called plaintiff, sued Charles W. Goodwin, plaintiff in error, defendant below, hereafter called defendant, in the district court of Custer county, Okla. T., the petition stating, in substance, that he was a resident of the city of El Reno, and in 1901 had several thousand dollars to loan at a reasonable rate of interest upon first class improved mortgaged security; that defendant was engaged in the business of bank and loan broker in Arapaho, in said county, and solicited plaintiff to permit him to act as his agent in making loans in said county, representing the same to be a good locality for that purpose; that he was familiar with land titles therein, "and would look after loans of plaintiff

in the same manner that he would transact his own business, and make for the plaintiff loans upon good farms" in said county, "and obtain as security therefor first mortgages"; that with this understanding defendant negligently and carelessly made a loan of $700 of plaintiff's money to certain parties, which through his negligent and careless action in making the loan was lost, and prayed judgment against defendant in the sum of $700, with interest thereon from the date of the loan, and for the cost of the action. On October 10, 1905, defendant filed answer, and pleaded a general denial and the statute of limitation. On November 28, 1905, plaintiff filed reply, which was, in effect, a general denial, and on April 6, 1906, in open court, both parties waived a jury and submitted the cause to the court "for decision and judgment upon the pleadings," and the following agreed statement of facts:

"(1)   That on or about September 25, 1901, the plaintiff placed in the hands of the defendant the sum of $2,000 to be loaned by the defendant for the plaintiff, in the plaintiff's name, on first real estate mortgages upon farm lands in the county of Custer, in the territory of Oklahoma.

"(2)   That said loans were to be made by the defendant without expense to the plaintiff, but that the defendant might charge a commission to borrowers in compensation for his services, if he saw fit.

"(3)   That the defendant had been and was at said time engaged in the business of making loans in Custer county, and was known by the plaintiff to be in that business. That defendant, learning that the plaintiff had money which he desired to loan, proposed and offered to lend money for the plaintiff in Custer county, and assured plaintiff that he would use such care in making said loans as he used in transacting his own business in like character.

"(4)   That plaintiff, relying solely and entirely on the capabilities of defendant to safely secure loans that he should make for the plaintiff in said county, accepted said offer and turned over to him the said sum of $2,000 to loan for him in said county upon farm securities as provided and upon the terms set forth in paragraphs 1, 2, and 3 of this statement of facts.

"(5)   That thereafter, and on November 3, 1901, the defendant negotiated a loan for the sum of $700 in plaintiff's name with

one W. S. Wishard, and accepted as security for said loan a real estate mortgage, purporting to be a first mortgage lien upon lots 1 and 2, and the S. 1/2 of the .N. E. 1/4, of section 1, township 12 north, of range 15 west, of the Indian Meridian, in Custer county. That the evidence of indebtedness secured by said mortgage consisted of three promissory notes—one for $100 due in six months, one for $100 due in one year, and one for $500 due in five years—each bearing interest at the rate of 10 per cent. per annum, and conditioned that upon the failure to pay interest semi-annually the holder of said notes might elect to declare the whole sum of said indebtedness due, said notes being signed by W. S. Wishard and Florence M. Wishard, his wife, payable to the plaintiff, and the said mortgage was executed by the same parties.

"(6)    That the plaintiff at the time of said loan was made had no personal knowledge of the circumstances of its being negotiated and at no time thereafter had any knowledge concerning the same, except the fact that the notes and the said mortgage, after the same had been recorded, and the abstract of title were transmitted to the plaintiff at his home in El Reno, O. T., that upon the receipt of said purported securities the plaintiff placed the same in his safe, without examining them further than to see what the same purported to be, relying wholly upon the judgment, capabilities, and the confidence he had in the defendant to transact said business safely.

"(7)    That the said Wishards at the time said loan was made were financially irresponsible, and owned no other property subject to execution of any value outside of such title as they had in and to the aforesaid real estate by virtue of the deeds hereinafter referred to, and two lots in the town of Clinton, in said county of Custer, subject to execution.

"(8)    That the property referred to, to wit, the farm mentioned in said mortgage, was originally entered in the United States Land Office by one Stop Evans, and that the said Emma Evans was his wife at said time, and was thereafter settled upon under the homestead laws of the United States, and was resided upon and improved under the homestead laws of the United States in full requirement with said laws, and thereafter was proved up as a homestead under said homestead laws by the said Stop Evans, and at all times from the time of making settlement thereon by the said Stop Evans was occupied by him and his wife, Emma Evans, as a homestead, and was during all the times referred to herein oc-

cupied and resided upon by them as a homestead. That the final receiver's receipt to the said Stop Evans bears date of November 21, 1900, and was filed for record October 11, 1901.

"(9) That on the 4th day of October, 1901, Stop Evans by his deed of general warranty deeded said land to W. S. Wishard, said deed being filed for record on the 11th day of October, 1901, and fully recorded in Book D of Deeds, at page 276. That said deed was acknowledged before L. A. Love, probate judge of Custer county. That thereafter, on October 30, 1901, Emma Evans, the said wife of Stop Evans, conveyed by quitclaim deed the said premises to W. S. Wishard, which said deed was filed for record on November 1, 1901, at 7:50 p. m., and duly recorded in Book D. at page 343. That the same was acknowledged before J. W. Lawter, justice of the peace. That the foregoing instruments of conveyance were the only instruments relating to said lands of record in the county of Custer up until two o'clock p. m. of the 2d day of November, 1901.

"(10) That on the 2d day of November, 1901, the said W. S. Wishard and Florence M. Wishard, his wife, executed the said real estate mortgage hereinbefore referred to, to Frank Kraft, and the real estate mortgage was filed for record on the 2d day of November, 1901, at 2 p. m.

"(11) That thereafter, the said Wishard having failed to meet said notes as they became due and the interest thereon, the defendant suggested to the plaintiff that the said mortgage had better be foreclosed, and an action commenced in the district court of Custer county to foreclose said mortgage. and said action was commenced, the plaintiff herein being plaintiff in said action, and the said W. S. Wishard and Florence M. Wishard being defendants therein. That pending said action the said Stop Evans and said Emma Evans came into court, and asked leave to intervene in said action, and such leave was given, that by such intervention they set up and claimed paramount title to said real estate. That said action proceeded to final judgment, and the following judgment was entered in said action. (Here followed judgment of the district court, decreeing among other things the deeds from the said Stop Evans to Wishard to be null and void, and rendering judgment in favor of plaintiff against defendant for $1,040 and costs.)

"(12) That the plaintiff had no knowledge of the condition of said title or the rights and interests of the said Stop and Emma Evans therein, until the said intervention by the said Stop

and Emma Evans in said action. That said plea of intervention was made by the said Stop Evans and Emma Evans on the 25th day of March, 1903.

"(13) That the defendant knew at the time he accepted said mortgage that the said land was at the time of the execution of the said deed by the said Stop Evans and Emma Evans, the homestead of the said Evans.

"(14) That thereafter, in due course, execution was issued against the said W. S. Wishard and Florence M. Wishard, directed to the sheriff of Custer county,. and the same was levied upon the said two lots in the town of Clinton, which were thereafter offered for sale according to law, but, there being no bidders for said property, said execution was returned showing such facts.

"(15) That the said W. S. Wishard and Florence M. Wishard are and have at all times since the rendition of said judgment been without property from which said judgment could be satisfied in whole or in part, except said two lots, which are of the value of about $100.

"(16) That plaintiff's expenses and court costs incurred by reason of the prosecution of said foreclosure proceedings amount to the sum of $40.

"(17) That the said homestead of the said Stop Evans and wife, at the time the said mortgage was executed by the said Wishards to the said plaintiff herein, was of the reasonable value of $2,500.

"(18) That at the time the said W. S. Wishard and wife applied to the defendant for the said loan they furnished to said defendant an abstract of title to said land, which abstract of title was made by a duly qualified and bonded abstracter in and for the county of Custer, in the territory of Oklahoma. That said abstract of title showed the conveyance hereinbefore mentioned from said Stop Evans and Emma Evans to the said W. S. Wishard, and also the final receipt from the United States to said Stop Evans issued upon final proof having been made by him under the homestead laws of the United States. That said abstract of title did not show any other instruments affecting real estate, except those hereinbefore mentioned.

"(19) That in making loans in said county in his own business the said defendant always required an abstract to be furnished by the borrowers exhibiting their titles in and to said lands proposed as real estate security, and upon inspection and examination of said abstracts for the purpose of determining, and satisfying him-

self as to the title of the proposed borrower in and to the land proposed as security, the defendant passed upon the sufficiency of the title in and to the lands. That, upon the presentation of the abstract by the said W. S. Wishard, the said defendant examined the same for the purpose of passing upon the same, and satisfying himself as to the insufficiency and legality of the title of the said Wishard in and to the land proposed to be given as security for the payment of the said loan, and exercised the same degree of care, skill, and diligence in passing upon said title that he was accustomed to exercise in his own business of like and similar nature, and it was his honest judgment that said abstract of title showed good title in the said W. S. Wishard in and to the said farm hereinbefore mentioned.

"(20) That the said title of said Wishard was not defective in any respect, if at all, save and except that the said Emma Evans did not join with her husband, Stop Evans, in his deed to said Wishard, and the said Stop Evans did not join with his wife, Emma Evans, in her said deed to Wishard, and it was upon said facts that the court rendering the final judgment declared the said deeds void and the mortgage of the said Wishard to the said plaintiff herein also void.

"(21) It is further stipulated that any facts hereinbefore or hereinafter stipulated between the parties hereto, which would not be susceptible to proof under the issues of this case, are not to be considered.

"(22) That the defendant received no compensation from either the plaintiff herein, or from the said Wishard or Wishards, for the making of the said loan.

"(23) That at the time the defendant examined the said abstract, and the title of the said W. S. Wishard in and to said farm, as shown by such abstract, he was familiar with the chapter on conveyances of the Session Laws of 1897 of Oklahoma, now chapter 16 of Wilson's Revised and Annotated Statutes of Oklahoma of 1903, and upon examination of said chapter was of the opinion that, where both husband and wife execute separate deeds of conveyance of the homestead of the husband, they are concluded by such deeds by virtue of said chapter of the statute, and was of such opinion at the time he examined said title and abstract as aforesaid."

There was judgment for the plaintiff, and, defendant having brought the case to the Supreme Court of the territory of Okla-

homa by proceedings in error, the same is now before us for review as successor of that court.

*M. D. Libby,* for plaintiff in error.—A cause being submitted upon an agreed statement of facts, the court cannot supply an omitted fact by inference: *Gray v. Crockett* (Kan.) 1 Pac. 57; *Gillett v. Board of Trade* (Mich.) 9 N. W. 428; *Morse v. Fraternal Ass'n* (Mass.) 77 N. E. 491; *Collins v. Waltham* (Mass.) 24 N. E. 327; *Old Colony R. Co. v. Wilder,* 137 Mass. 538.

*R. B. Forrest,* for defendant in error.

TURNER, J. (after stating the facts as above). In considering this case, let us first inquire as to what is our duty as an appellate court concerning it. We take it that the case is practically triable by us *de novo;* that, being before us on an agreed statement of facts, this court is not concerned with the credibility of witnesses or the weight of their testimony, but, the facts being determined, "we are as competent to apply the law to the facts found as was the trial court." *Consolidated Steel & Wire Co. v. Burnham Han. Mun. & Co.,* 8 Okla. 514, 58 Pac. 654. That being true, we will lose sight of the judgment of the lower court, and determine the questions involved as though we were a court of first instance.

This is a suit to recover a loan alleged to have been carelessly and negligently paid out and lost by defendant while acting as agent for plaintiff under the circumstances set forth in the agreed statement of facts. Now, it is well settled that, where a case is presented on an agreed statement of fact, the only question that can be considered is whether they require a judgment for plaintiff as a matter of law. No inference of fact can be drawn. *Collins v. Waltham,* 151 Mass. 196, 24 N. E. 327; *Railroad Co. v. Wilder,* 137 Mass. 536; *Mayhew v. Durfee,* 138 Mass. 584; *Brown v. Evans,* 15 Kan. 88.

In *Gray v. Crockett,* 30 Kan. 148, 1 Pac. 57, the court says: "Any findings of the court contrary to the facts stipulated or to the issues submitted to the court cannot be considered"—citing *Brown v. Evans,* 15 Kan. 88; *Carpenter v. Small,* 35 Cal. 346;

*Sidner v. Essex,* 22 Ind. 201; *Johnson v. Wright,* 19 Ga. 509; *Bingham v. Board & Co.,* 8 Minn. 441 (Gil. 390).

In the *Old Colony R. R. Co. v. Wilder,* 137 Mass. 538, the court says:

"Unless, upon such facts, with the inevitable inferences, or, in other words, such inference as the laws drawn from them, a case is made out, the court would consider that the plaintiff has not sustained the burden of proof, and therefore is not entitled to judgment. But neither the Supreme Court in the first instance nor this court upon appeal has the right to found its judgment upon any disputable inference of fact. This view of the nature of a case stated is sustained by other courts. *Byam v. Bullard,* 1 Curt. C. C. 100, Fed. Cas. No. 2,262; *Diehl v. Ihrie,* 3 Whart. (Pa.) 143; *Kinsley v. Coyle,* 58 Pa. 461."

Plaintiff urges that, under the facts found or admitted, defendant was guilty of negligence, in that he took the money of the plaintiff and placed it at hazard upon his own opinion of law. The finding of fact discloses that about September 25. 1901, plaintiff placed in defendant's hands $2,000 to be loaned for him on first real estate mortgages, and the finding is:

"(3)  That the defendant has been and was at said time engaged in the business of making loans in Custer county, and was known by the plaintiff to be in that business; that defendant, learning that the plaintiff had money which he desired to loan, proposed and offered to lend money for the plaintiff in Custer county, and assured plaintiff that he would use such care in making said loans as he used in transacting his own business of like character."

Now, in order for plaintiff to recover, it must be found as a fact that defendant did not use ordinary care in making the loan in question. It appears:

"(19)  That in making loans in said county in his own business the said defendant always required an abstract to be furnished by the borrowers exhibiting their title in and to the lands proposed as real estate security, and upon inspection and examination of said abstract for the purpose of determining and satisfying himself as to the title of the proposed borrower in and to the land proposed as security, the defendant passed upon the sufficiency of the title in and to the lands. That, upon the presentation of the

Vol. 23—22

abstract by the said W. S. Wishard, the said defendant examined the same for the purpose of passing upon the same, and satisfying himself as to the sufficiency and legality of the title of the said Wishard in and to the land proposed to be given as security for the payment of the said loan, and exercised the same degree of care, skill, and diligence in passing upon said title that he was accustomed to exercise in his own business of a like and similar nature, and it was his honest judgment that said abstract of title showed good title in the said W. S. Wishard in and to the said farm herein before mentioned."

There is nothing in the admitted facts to show that by such a course of business said defendant was not exercising ordinary care, skill, or diligence. Before the plaintiff could recover, it was necessary for him to show that the defendant did not exercise ordinary prudence and care such as is ordinarily exercised by persons in similar business affairs. There is no proof in the record, pro or con, on that proposition. It was not incumbent upon the defendant to show that he exercised such care, the burden being upon the plaintiff, and, the plaintiff having failed to sustain the same, there is no liability shown against the defendant.

The judgment of the lower court is reversed, and the cause dismissed.

All the Justices concur.