## ANDERSON v. KEYSTONE SUPPLY CO. et al.

No. 11320—Opinion Filed June 26, 1923.

Rehearing Denied Nov. 20, 1923.

**1. Appeal and Error—Review—Judgment on Agreed Statement of Facts.**

A judgment based on an agreed statement of facts is a mere legal conclusion on such facts, and the only question presented

for review is the propriety of the judgment on the facts as agreed upon.

## 2. Mines and Minerals—Mining Partnerships—Personal Liability of Cotenant.

A. and D. were cotenants of an oil and gas lease. The agreed statement of facts shows that D. contracted certain debts in the drilling of an oil well thereon; that the creditors had no knowledge of the agreement whereby A. and D. became cotenants; that A. had no dealings with such creditors personally, and did not expressly authorize D. to contract such indebtedness, but that D. reported to A. the progress of the drilling from time to time; and that said debts were contracted by D. Held, no presumption arises from such cotenancy that A. and D. were mining partners, and, under said facts, they were not mining partners, and A. was not personally liable for such debts.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by Keystone Supply Company, Mike Roberts, sole proprietor, against C. F. Anderson et al. Judgment for plaintiff, and Anderson brings error. Judgment reversed in part.

J. C. Helms and C. L. Billings, for plaintiff in error.

E. J. Raymond and Geo. B. Schwabe, for defendants in error.

Opinion by ESTES, C. The Keystone Supply Company, as plaintiff, sued C. F. Anderson, Wilson Dillen, Jeanette Helms, James Harney, and Black, Sivalls & Bryson, a corporation, as defendants, in the district court on account of labor performed and supplies furnished for drilling an oil and gas well. Defendants Harney and Black, Sivalls & Bryson answered and filed cross-petition against Anderson and Dillen to foreclose their liens on leasehold interests of Anderson and Dillen in certain lands in Nowata county, and the American Glycerine Company intervened and filed cross-petition against same defendants and asked for same relief. There are other parties and matters not material herein. Issues being joined, the case was tried on an agreed statement of facts. Personal judgments were rendered against Anderson in favor of the plaintiff and in favor of cross-petitioners, Harney and American Glycerine Company, for amount of their respective claims and establishing liens therefor as concurrent, and ordering foreclosure and sale of said leasehold, and providing for deficiency judgments against Anderson.

Rendering of the personal judgments against Anderson on the agreed statement of facts is the only question in the case and is assigned as error. The following are the only facts stipulated that are material herein:

"Mr. Dillen made Mr. Anderson a proposition that he, Dillen, would drill a well for oil and gas on said lease and that he, Wilson Dillen himself, would do this work; that C. F. Anderson was to pay the sum of $1,150, to wit: the cancellation of the $750 and an additional sum of $400, which Anderson paid Dillen, that Dillen departed from Oklahoma City with one J. C. Davis as the employe of Mr. Dillen, that Mr. Dillen reported the progress of the drilling of said well on said lease to Mr. Anderson from time to time; that the said well proved to be a dry hole; that the said Wilson Dillen has long since absconded from the realm; that in fact he stated he had paid all of the bills in connection with the drilling of said well, which later proved to be untrue with reference to the claims sued on in this action; that the said Anderson after the completion of the said drilling learned that various bills were unpaid; that the said Anderson has no way of knowing the correctness of the claims of the various parties to this action; that the various accounts, as follows, to wit, are taken to be true and correct for the purposes of this statement (here follow amounts of said three judgments); that the three claimants above named had no knowledge of the agreement between Anderson and Dillen above referred to prior to the institution of this suit; that the said Anderson personally never had any dealings with any of said claimants and never saw them or talked to them personally or expressly authorized the said Wilson Dillen to make any contracts with said claimants for and in behalf of the said Anderson, although the ownership of said premises remained unchanged; * * * that said drilling and the said materials furnished by the various claimants above named were done and furnished at the instance and request of the said Wilson Dillen, one of the defendants herein."

On such agreed statement of facts it is the duty of the trial court, and of this court on appeal, to apply the law to the facts as agreed upon. Such statement should contain the ultimate facts of the case, presenting only questions of law, and not circumstances which may tend to prove the ultimate facts. Longmeyer v. Lawrence et al., 50 Okla. 457, 150 Pac. 905. The only question to be considered here is whether the facts as thus agreed upon sustain the personal judgment against Anderson and no inference of fact can be drawn. Goodwin v. Kraft, 23 Okla. 329. 101 Pac. 856. The judgment is a mere legal conclusion on such facts, and the only question presented for review is the propriety of the judgment on the facts so agreed upon. 4 C. J. 2543. In determining this ques-

tion we must be guided by these rules and not look beyond the statement of facts.

2. It is conceded by both parties that Anderson and Dillen were cotenants of said lease according to said stipulation. Plaintiff in error contends that he is not personally liable for the debts contracted by Dillen in drilling the well because, under the facts, Anderson and Dillen were not partners. Defendants in error contend Anderson is personally liable because, under said facts, a mining partnership existed between Anderson and Dillen. Certainly said facts do not show a commercial or trading partnership. The facts do not show that Anderson held himself out to said judgment creditors as a partner, or that they extended credit on account of Anderson. The facts do not show that Anderson permitted Dillen to hold Anderson out to them as a partner. Said facts negative any such contentions. The authority of a partner to bind the firm is based on agency in every partnership. Agency is a fact, the burden of proving which rests on the party affirming its existence. Ewing v. Howard (Cal.) 195 Pac. 970. Dillen must have been the agent of Anderson, therefore, in order to bind the latter, even if the relationship was a mining partnership.

This court, in the recent case of Barrett v. Buchanan, 95 Okla. 262, 213 Pac. 734, has defined the relationship of mining partners inter sese. Under the authority of that case, it was necessary for Anderson and Dillon to "co-operate in developing a lease for oil and gas, each agreeing to pay a part of the expenses and to share in the profits or losses," to constitute a mining partnership. No definition of "co-operate" is here attempted or necessary for the reason that the facts do not show that Anderson did anything whatever in conjunction with Dillen in the particular work of drilling this well, or procuring the drilling of the same whereby these debts were contracted. The cooperation under any definition of that term must be in the drilling of the well and not in the joint ownership of the lease. The agreed facts show that Dillen reported to Anderson from time to time, but we think this insufficient to show co-operation under any meaning of that term.

"No presumption of partnership arises from the operation of an oil well by tenants in common." Neill v. Shamburg, 158 Pa. 263; Butler Savings Bank v. Osborne, 159 Pa. 10. In Mattocks v. Gibbons (Wash.) 162 Pac. 19, it was held that even an

agreement in writing, whereby a railroad furnished money and drilling outfit, and the other party furnished the labor for drilling an oil well, was not a partnership, but a "grubstake" contract. Even if Anderson and Dillen were mining partners, the authority of Dillen to bind Anderson to said judgment creditors cannot be inferred from that relation. Such authority must be express. 1 Thornton on Oil and Gas (3rd Ed.) section 363; Randall v. Meredith et al., 76 Tex. 669, 13 S. W. 576; see, also the leading case of Dunham v. Loverock et al., 158 Pa. St. 197, 27 Atl. 990, which is quoted with approval in Butler Savings Bank v. Osborne et al., supra, 28 Atl. 163.

The following from Taylor v. Fried et al., 161 Pa. 53, is pertinent:

"In our case there was no presumption arising from the fact that W. P. Black and his vendees were tenants in common of the leasehold that they authorized him to purchase the boiler as their agent. Presumptively he was a principal in the transaction, and the burden was therefore on the plaintiff to show that he was their partner or agent, and not on them to show that he was a principal. Did they hold themselves out to the plaintiff, or others, as partners? There is no evidence that they did. No act or declaration of either of the cotenants we have mentioned was shown which tended to place them in the position of partners in respect to third persons dealing with him."

Under said facts there was no co-operation according to Barrett v. Buchannan, supra, between Anderson and Dillen in the particular matter of drilling the well or contracting said debts therefor. Anderson did not agree in any manner to pay any of said debts, nor is he estopped by any holding out. A mining partnership between them cannot be presumed from their cotenancy, and no specific authority of Dillen to bind Anderson is shown. We must therefore hold that Anderson and Dillen were not mining partners, and no agency arising from partnership existed. Measured by the foregoing rules the defendants in error herein have wholly failed, under said statement of facts, to sustain the burden of proof on them necessary to support personal judgment against Anderson. Goodwin v. Kraft, 23 Okla. 329, 101 Pac. 856.

The judgment of the district court of Nowata county is, therefore, reversed as to personal judgment against Anderson, and otherwise affirmed.

By the Court: It is so ordered.