### FIRST NAT BANK of LINDSAY v. WORLEY, Sheriff.

No. 13467—Opinion Filed Sept. 16, 1924.

#### 1. Appeal and Error—Question for Review —Judgment on Agreed Facts.

A judgment based on an agreed statement of facts is a mere legal conclusion on such facts, and the only question presented for review is the propriety of the judgment on the facts so agreed upon.

#### 2. Same—Defective Stipulation of Facts — Disposition of Cause.

When a cause is submitted to the court on a stipulation purporting to contain all the facts, but facts vital or susceptible of proof, one way or the other, are inadvertently omitted, the cause will be reversed and remanded for new trial; but not, if it appears that the facts stated are all that the parties are able to prove.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garvin County; Charles C. Smith, Assigned Judge.

The First National Bank of Lindsay brought replevin for broom corn against C. F. Worley, sheriff, holding the same under writ of attachment at the suit of one Weaver against one Hughes. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

Cicero I. Murray, for plaintiff in error.

J. S. Garrison and Yerker E. Taylor, for defendant in error.

Opinion by ESTES, C. Plaintiff's action was in replevin for the possession of a

quantity of broom corn, alleging special interest by reason of a chattel mortgage lien thereon. Defendant, for the attachment creditor, claimed a superior lien by reason of an attachment upon the broom corn. The parties stated in open court that the cause should be tried upon an agreed statement of facts. Thereupon the parties dictated the following:

"It is agreed between the parties that the defendant, C. F. Worley, is holding the property under a writ of attachment properly issued out of the justice court of R. N. Coffee, justice of the peace in and for Pauls Valley township, and had levied the same upon the property in controversy; judgment was rendered in said justice court and an order of sale issued and was in the hands of the sheriff at the time this action was filed; it is agreed between the parties that the plaintiff held a valid and subsisting mortgage upon the property in controversy at the time the writ of attachment was issued and on the date of the filing of this action."

Thereupon the court rendered judgment for the defendant, allowing exception to the plaintiff. The only assignment is in substance, that the court erred in rendering judgment for the defendant upon said agreed statement of facts.

1. A judgment based on an agreed statement of facts is a mere legal conclusion on such facts, and the only question presented for review is the propriety of the judgment on the facts agreed upon. On said agreed statement of facts, it was the duty of the trial court, and it is the duty of this court on appeal, to apply the law to the facts as agreed upon. The only question to be considered here is whether the facts thus agreed upon sustain the judgment in favor of the defendant. No inference of facts can be drawn. Anderson v. Keystone Supply Co., 93 Okla. 224, 220 Pac. 605; Goodwin v. Kraft, 23 Okla. 329, 101 Pac. 856.

2. The instant case once more emphasizes that much care and deliberation should be exercised by counsel in the preparation of a statement purporting to contain all the facts on which a cause is to be submitted. Vital facts are so often omitted in off-hand dictation in open court. The agreed statement of facts is a substitute for the evidence of those facts. Plaintiff contends, under said stipulation, that its mortgage was valid and subsisting upon the broom corn, and that the original mortgage was duly executed, while defendant contends, and the record shows, that said mortgage was neither witnessed nor acknowledged as required by law

before being filed. Defendant contends that therefore same was not valid and subsisting as against him. Defendant also pleads and contends that the claim on which the attachment was issued was for labor expended in the production of said broom corn, and that his lien therefore was superior in any event to the mortgage of plaintiff. The facts involving priority as between the mortgagee on the one hand and the laborer, who claims to have produced the broom corn, on the other hand, are not set out in the agreement. As stated in Garland et al. v. Union Trust Co. et al., 49 Okla. 654, 154 Pac. 676, at page 680, counsel have stipulated as to certain facts, but have not stipulated as to all of the ultimate facts of the case. The evidence tending to decide the vital questions not covered by said stipulation is within the reach of the parties. In order fairly to preserve the rights of the parties, a new trial should be had. The rule applicable to the intsant case is found in Old Colony Railroad Co. v. Wilder, 137 Mass. 536, as follows:

"But it is often found that a case stated is imperfect, in failing to state some fact which is essential to the determination of the rights of the parties. In such cases, if it appears that the facts stated are all that the plaintiff is able to prove, and they are insufficient to establish his case, the court will render judgment as against him, upon the doctrine of the burden of proof. But if it seems that the needed fact is inadvertently omitted, or it is a fact which is susceptible of proof, one way or the other, the usual course is for this court to discharge the case stated, and remand the unsettled question of fact to be tried in the superior court, by the proper tribunal." Gregory v. Pierce, 4 Met. 478; LeFavour v. Homan, 3 Allen, 354; Morse v. Mason, 103 Mass. 560; Meserve v. Andrews, 104 Mass. 360.

In DeVeer v. Pierson et al., 222 Mass. 167, it is said:

"Where the facts on which the rights of the parties depend have not been ascertained at the trial it is within the power of the court, in its discretion and of its own motion, to recommit the cause for retrial. Rubenstein v. Lottow, 220 Mass. 156. We are of opinion that this is such a case. For a similar practice where a case is submitted on agreed facts, see Old Colony Railroad v. Wilder, 137 Mass. 536, 538: Phelps v. Phelps 145 Mass. 416; Gallagher v. Hathaway Manfg. Corp., 169 Mass. 578."

It is recommended that the judgment be reversed and the cause remanded for a new trial.

By the Court: It is so ordered.