# FALL RIVER TRUST CO.
## vs.
## HARBOUR CHRYSLER-PLYMOUTH, INC.

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

September 8, 1980

Andrew Shabshelowitz for the plaintiff.
Janice Robbins for the defendant.

Present: Rider, J., Welsh, J., and Black, J.

**WELSH, J.** This is a civil action brought by the plaintiff as assignee of a retail installment sales contract and note against the defendant as assignor, based upon an alleged breach of an express warranty made in connection with the assignment. The portion of the written warranty that is material to the issues presented is as follows:

"For the purpose of inducing the assignee to purchase ... the seller does hereby warrant and represent to the assignee that at the time of the execution and delivery of the note and contract ... the buyer is of full age and had capacity to execute said note and contract ..."

The answer stated that if any breach of the warranty occurred, it was cured; that the plaintiff suffered no loss as a result of any alleged breach, and that the plaintiff should be denied relief on the equitable grounds of laches.

The plaintiff moved for summary judgment under Dist./Mun. Cts. R. Civ. P. 56. The court, after hearing argument thereon, reserved the case and decided on its own motion to report the matter to the Appellate Division as a "case stated" under the provisions of G.L. c. 231, § 108, with a finding for the plaintiff. The motion for summary judgment was submitted to the court on the basis of the complaint, with various exhibits attached, the answer, an admission of facts under Mass. R. Civ. P. 36, the plaintiff's response to the defendant's request for production of documents under Mass. R. Civ. P. 34, and plaintiff's affidavit in support of motion for summary judgment. The defendant did not submit an affidavit in opposition to the motion.

The court reported as "undisputed facts" the following:

"James Miranda, born May 26, 1953, purchased a used 1970 Plymouth Sport Suburban Wagon from the defendant for the sum of $2,205.00. The purchase was dated October 10, 1973, and was financed by an installment loan which was assigned to the plaintiff, Fall River Trust Company without recourse, but a right of recourse was received as provided in a warranty which expressly stated that 'For the purpose of inducing the Assignee to purchase ... the Seller does hereby warrant and represent to the Assignee that at the time of the execution and delivery of the note and contract ... the Buyer is of full age and had capacity to execute said note and contract. ...'"

"The loan history reflects that a series of payments were made by James Miranda until August 19, 1974. A notice of default and intent to repossess was sent to the buyer, James Miranda, on September 27, 1974. The constable who was sent to effect repossession learned that the vehicle had been stolen, whereupon the matter was referred to an attorney who subsequently learned that the buyer was a minor at the time of purchase. There was no disaffirmance by the buyer of the sale and/or installment loan contract. On or about April 10, 1979, demand was made upon the Defendant, Harbour Chrysler-Plymouth, Inc., and payment was refused, whereupon this action was commenced on April 24, 1979. The balance due on the note with accumulate interest as of the date of suit was $2,200.47. The note also provided for reasonable attorney's fees, and the Court finds that $500.00 would be a reasonable fee. Judgment was entered in the amount of $2,200.47, plus attorney's fees of $500.00."

We determine that there was prejudicial error and that the case stated ought to be discharged.

1. Manifestly, the judge intended this as a report of a "case stated" with a finding for the plaintiff. This was not intended as a discretionary report of an interlocutory

ruling. Contrast: Harrison Mfg. Co. Inc. v. Philip Rothman & Son, Inc., 336 Mass. 625, 626(1958); Dist./Mun. Cts. R. Civ. P. 64(d). The judge quite properly determined that requests for rulings of law have no standing where the matter is submitted as a "case stated". Quintin Vespa Co. Inc. v. Construction Service Co. 343 Mass. 547, 551-552 (1962); the duty of the judge in such cases is fully discharged by entry of the correct judgment. Associates Discount Corp. v. Gillineau, 322 Mass. 490, 491 (1948); Caissie v. Cambridge, 317 Mass. 346, 347 (1944).

In order to constitute a "case stated," it is required that there be an agreement between the parties as to the material facts upon which the rights of the parties depend. Pequod Realty Corp. v. Jeffries, 314 Mass. 713, 715 (1943). It follows that if there remains disagreement as to any of the material facts, there can be no "case stated". Lapp Insulator Co. Inc. v. Boston & Maine Railroad, 330 Mass. 205, 206 (1953). It is also required that all the facts upon which the rights of the parties depend be included. Failure to include all material facts will result in the "case stated" being discharged. Delle Chiaie v. Commonwealth, 353 Mass. 771, 772 (1968); Old Colony Railroad v. Wilder, 137 Mass. 536, 539 (1884). If a question on a material fact remains there cannot be a judgment on a "case stated". Gallagher v. Hathaway Manuf. Corp., 169 Mass. 578, 580 (1897). Both the trial court and the appellate courts have the authority, in the exercise of discretion, to order that a "case stated" be discharged and that the matter stand for trial in the interest of justice. Paper Trucking Co. v. Russo, 281 Mass. 209, 210 (1932); Gregory v. Pierce, 4 Metc. 478, 480 (1842).

In the instant case it does not appear that all material facts were agreed to by the parties. For example, the defendant, in his oral argument on appeal, contests 'the statement in the report, viz, "There was no disaffirmance by the buyer of the sale and/or installment loan contract". The factual conclusion that a minor has dis-

affirmed a contract may be based upon words, or conduct, or a combination of the two. Tracy v. Brown, 265 Mass. 163, 164-165 (1928). In addition, there are material facts which appear to have been omitted from the report. For example, G.L. c. 90, §2C[1], which was in effect at the time of execution of the conditional sales contract and note in question, provided for the legal capacity of minors 18 years of age and older in contracts for the purchase of motor vehicles if the parent or guardian of the minor assented thereto in writing. The required parental assent need not be contained in the instruments relating to the sale and transfer of the motor vehicle in question. See: Moy v. Jack Madden Ford Sales, Inc., 4 Mass. App. Ct. 102, 105 (1976). Thus, the two essential elements of assent as to the material facts and of completeness are lacking.

2. The case came before the court on the plaintiff's motion for summary judgment. The judge's duty was to determine, based upon the pleadings, admissions, affidavits and other relevant documents, whether there existed any genuine issue of material fact so as to require a trial on the merits.[2] Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). If he determines that no genuine issue of material fact exists, he should order the entry of judgment for the party entitled to it. Judgment may be awarded to one other than the moving party. Id., at p. 553; Mass. R. Civ. P. 56(c). The party aggrieved by such action can then appeal. If the court determines that there exists a genuine issue of material fact, the motion should be denied, and the moving party must normally abide the result of trial and may then appeal. In certain cases, it may be appropriate for the judge, in his discretion, to make a voluntary report of his interlocutory order denying the motion for

---

[1] Inserted by St. 1969, c. 405. This section was repealed by St. 1973, c. 925, §11, effective January 1, 1974.

[2] Of course, a trial judge may determine that no genuine issues of material fact exist as to liability only, and thus, allow a partial summary judgment. Mass. R. Civ. P. 56(C).

634

summary judgment, rather than requiring that the moving party first undergo a trial. See: **Rollins Environmental Services, Inc. v. Superior Court,** 368 Mass. 174, 178 (1975). However, since a judgment entered pursuant to an order allowing a motion for summary judgment is normally appealable without delay under prescribed procedures, it would not generally be appropriate for the trial judge to make a voluntary report of such order. Id, at P. 180; **Corbett v. Kargman,** 369 Mass. 971 (1976). But see: **Mansfield v. GAF Corp.,** 5 Mass. App. Ct. 551, 552 (1977). Again we emphasize the distinction between a voluntary report by a trial judge of a "case stated" and a voluntary report of interlocutory order or ruling. See: **Younis v. Mario Musto Corp.,** ___Mass. App. Dec. __, ___(1979)[3]

3. Since we have determined that a trial on the merits must take place, we suggest, by way of illustration only, some factual issues which ought to be considered. In addition to the question of disaffirmance and the possible application of G.L. c. 90, §2C as then in effect, thus eliminating infancy as a legal issue, the judge as a finder of fact should consider whether or not the minor who made the contract was emancipated and whether the automobile was a necessary. See: **Slaney v. Westwood. Auto, Inc.,** 366 Mass. 688, 692-693 (1975); **Welch v. King,** 279 Mass. 445, 450 (1932); **J.G. Pierce Co. v. Wallace,** 251 Mass. 383, 384 (1925). Another question to be resolved is whether or not, postulating that a breach of warranty exists regarding the contractual capacity of the person who executed the conditional sales contract and note, the damages which occurred in this case were a natural consequence and the proximate result of such breach, or which may be reasonably supposed to have been within the contemplation of the parties of the time the warranty was made. **Leavitt v. Fiberloid Co.,** 196 Mass. 440, 445-446 (1907).

For the foregoing reasons, the report of the "case stated" with the finding for the plaintiff is ordered discharged. The case is remanded to the trial court, with direction that entry be made denying motion for summary judgment. The c is to stand for trial on the merits.

[3]Mass. App. Div. Adv. Sh. (1979) 240, 243-244.

